[Civ. No. 4941.  First Appellate District, Division Two.—September 23, 1924.]

In the Matter of the Estate of DAVID CASTAGNOLA, Deceased. GIOVANNI CASTAGNOLA et al., Appellants, v. BATISTA CANEPA et al., Respondents.

[1] HUSBAND AND WIFE—INSURANCE UPON LIFE OF HUSBAND—PREMIUMS PAID WITH COMMUNITY FUNDS—COMMUNITY PROPERTY.—When a policy of insurance is taken upon the life of a husband during coverture and premiums are paid from community funds the policy is community property.

[2] ID.—CHARACTER OF PROPERTY—MARITAL STATUS CONTROLS.—In determining the character of the property the marital status of the parties at the time the contract of insurance was made, or at least throughout the period of the payment of the premiums, and not the status at the time of the death of the insured is the condition which controls.

[3] ID.—WIFE AND HER EXECUTORS BENEFICIARIES—GIFTS—PRESUMPTION.—When a policy of insurance is taken upon the life of the husband during coverture and the wife, her executors, administrators, or assigns, are the beneficiaries named in the policy, the husband is presumed to have thereby made a gift to his wife of the policy, as well as of the entire proceeds thereof, and these become her separate property. If in such a case the wife should

---

1. Insurance policy as community property, note, 126 **Am. St. Rep.** 119. See, also, 5 **Cal. Jur.** 313, 352; 5 **R. C. L.** 843.
3. See 14 **Cal. Jur.** 587.

predecease her husband the proceeds of the policy upon the death of the husband go to the personal representatives of the wife as her separate property.

[4] ID.—RIGHT TO CHANGE BENEFICIARY—CHARACTER OF INTEREST—OF NAMED BENEFICIARY.—Where the contract of insurance expressly reserves the right to change beneficiaries the interest of the designated beneficiary prior to the death of the insured is that of a mere expectancy of an incompleted gift.

[5] ID. — INSURANCE PAYABLE TO ESTATE OF HUSBAND — STATUS OF AS COMMUNITY PROPERTY—PRESUMPTIONS—SUCCESSION.—A policy of insurance upon the life of the husband being a chose in action which was community property of the parties during their coverture, the proceeds of the policy would retain their community character, notwithstanding the fact that they were paid after the dissolution of the community; and when, therefore, the husband designated his estate as beneficiary in the event of the death of his wife, it will not be presumed that he intended to change the character of the property from community to separate property, but it will be assumed, in the absence of any showing to the contrary, that he merely intended to designate his general estate as the successor to the proceeds of the policy, and the wife having predeceased the husband, the proceeds from such insurance were the community property of the parties to which their respective parents were entitled to receive one-half each in accordance with the terms of subdivision 8 of section 1386 of the Civil Code.

(1) 31 C. J., p. 35, sec. 1124 (Anno.).    (2) 31 C. J., p. 35, sec. 1124.    (3) 31 C. J., p. 35, sec. 1124.    (4) 37 C. J., p. 579, sec. 345. (5) 31 C. J., p. 35, sec. 1124.

APPEAL from a judgment of the Superior Court of Alameda County.    E. C. Robinson, Judge.    Reversed.

The facts are stated in the opinion of the court.

J. J. Paulsell and Frederick W. Crawford for Appellants.

Walter H. Eliassen for Respondent Administrator.

C. A. Cogswell for Respondents Canepa.

NOURSE, J.—This is an appeal from a portion of a decree of final distribution in the estate of David Castagnola distributing to the father and mother of his predeceased

4.   See 14 Cal. Jur. 582; 14 R. C. L. 1387.

wife the proceeds of a certain insurance policy taken on his life during coverture. The appellants are the father and mother of the insured husband.

David Castagnola, the insured husband, with his wife and daughter, constituting the entire immediate family of the insured, were all found dead at one time. The parties to this proceeding, assuming that the provisions of subdivision 40 of section 1963 of the Code of Civil Procedure applied, stipulated that the minor child, being under the age of fifteen, died first; that the wife, being between the ages of fifteen and sixty, died next, and that the husband, being of about the same age as the wife, was the last to survive. The death of these three occurred on July 16, 1922, and all died intestate. On June 15, 1920, David Castagnola, the husband and father, procured a policy of insurance on his life in the sum of three thousand dollars. This policy was what is termed "a twenty-payment life policy," requiring twenty full annual payments. It also provided that three full annual payments must be made before the policy should have any cash surrender or loan value. Two annual payments had been made, and the death of the insured occurred after the third payment was due in what is called the thirty-one day period of grace. The proceeds of the policy were paid to the administrator of the estate of the insured and constituted practically the entire estate covered by the decree of distribution.

By the terms of the policy the beneficiaries were declared to be the wife and daughter of the insured, "share and share alike, or all to the survivor at my death." The right to change the beneficiaries was expressly reserved in the policy in the event that it was not assigned, and it was expressly declared that if the insured should survive the beneficiaries, or either of them, the proceeds of the policy or the share of such beneficiaries should be paid to the executors, administrators, or assigns of the insured. The trial court held that the policy of insurance became the separate property of the wife as the sole survivor upon the death of the daughter, and that it constituted a gift to her from her husband. It was then held that there being no heirs other than those mentioned in subdivision 8 of section 1386 of the Civil Code, and the property having come to the husband as separate

property of his wife, the father and mother of the predeceased wife succeeded to the entire proceeds. It is from this portion of the decree that the appeal is taken.

Appellants insist that the court erred in holding that the proceeds of the policy of the insured were a gift to the wife and became her separate property. It is their contention that the insured, having reserved the right to change the beneficiaries, and having provided in the policy that upon the death of both the wife and daughter the proceeds of the policy should be paid to his personal representatives, they thereupon became his separate property, to which, under section 1386, subdivision 8, of the Civil Code, his father and mother were alone entitled to succeed. The respondent has done very little to aid the court on this appeal other than to insist that the decree of the trial court should be sustained. We are satisfied from an independent search of the authorities that neither party is right.

[1] When a policy of insurance is taken upon the life of a husband during coverture and premiums are paid from community funds the policy is community property. (*New York Life Ins. Co.* v. *Bank of Italy,* 60 Cal. App. 602, 606 [214 Pac. 61].) [2] In determining the character of the property the marital status of the parties at the time the contract of insurance was made and not the status at the time of the death of the insured is the condition which controls. (*Succession of Budding,* 108 La. 406 [32 South. 361]; *Succession of Le Blanc,* 142 La. 27 [L. R. A. 1917F, 1137, 76 South. 223, 225].) In the latter case it was said: "Life insurance in favor of the estate, the executors or administrators, of the person insured, forms a part of his estate at his death; and the status of the proceeds or avails of such life insurance— that is, whether it is community property or property of the separate estate of the insured—depends upon whether the contract of insurance was made during the marital community or when the insured was single." In *New York Life Ins. Co.* v. *Bank of Italy, supra,* reference was made to the rule of Louisiana as announced in the foregoing cases, although the language of the California case does not expressly adopt the rule as prevailing in this state. However, throughout the decision of the appellate court reference is made to the fact that the parties were husband and wife at

the time the policy of insurance upon the life of the husband was executed, and it is a fair inference that the appellate court approved the Louisiana ruling. As we have not been cited to any authority to the contrary, we are satisfied upon the authorities of the cases cited from Louisiana and upon the principle that the status of the parties at the time the insurance contract was executed, or at least throughout the period of the payment of the premiums, is the controlling feature in the determination of whether the policy is community or separate property.

The rule upon which the appellants base their appeal is well settled in this state, but we do not believe it is applicable to the particular facts of this case. [3] This rule is that when a policy of insurance is taken upon the life of the husband during coverture and the wife, her *executors, administrators, or assigns,* are the beneficiaries named in the policy, the husband is presumed to have thereby made a gift to his wife of the policy, as well as of the entire proceeds thereof, and these become her separate property. If in such a case the wife should predecease her husband the proceeds of the policy upon the death of the husband go to the personal representatives of the wife as her separate property. This, however, is true because the contract of insurance has not provided for the substitution of a new beneficiary upon the death of the wife. This rule is recognized in the case of *Estate of Dobbel,* 104 Cal. 432, 435 [43 Am. St. Rep. 123, 38 Pac. 87].

[4] Where, however, the contract of insurance expressly reserves the right to change beneficiaries it has been held that the interest of the designated beneficiary prior to the death of the insured is that of a mere expectancy of an incompleted gift. (*McEwen* v. *New York Life Ins. Co.,* 23 Cal. App. 694 [139 Pac. 242]; *Supreme Council A. L. H.* v. *Gehrenbeck,* 124 Cal. 43, 44 [56 Pac. 640]; *Simmons* v. *Miller,* 171 Cal. 23, 26 [151 Pac. 545].) In the Gehrenbeck case the supreme court said: "The beneficiary having died before any right had become vested in her, this mere expectancy died with her." We do not find any departure from this rule except to the extent that it is qualified in *New York Life Ins. Co.* v. *Bank of Italy,* 60 Cal. App. 602 [214 Pac. 61], wherein it was held that where a policy of

insurance had become community property under the circumstances first herein discussed the husband cannot, in view of the provisions of section 172 of the Civil Code, designate a third party as beneficiary to more than his community one-half of the proceeds without the written consent of his wife, because to do so would constitute a gift of community property. But this, of course, does not apply to a gift from husband to wife.

[5] The situation presented to us is, therefore, that the policy of insurance in controversy constituted community property which the husband gave to his wife with the qualification that if she should predecease him the proceeds of the policy should be paid to his estate. The policy of insurance being a chose in action which was community property of the parties during their coverture, the proceeds of the policy would retain their community character, notwithstanding the fact that they were paid after the dissolution of the community. When, therefore, the husband designated his estate as beneficiary in the event of the death of his wife it will not be presumed that he intended to change the character of the property from community to separate property, but it will be assumed, in the absence of any showing to the contrary, that he merely intended to designate his general estate as the successor to the proceeds of the policy. It would follow from this that the proceeds under controversy were the community property of the husband and wife to which their respective parents were entitled to receive one-half to each in accordance with the terms of subdivision 8 of section 1386 of the Civil Code.

Though we have said that it is apparent that this property should be treated as community property the trial court found that the husband had made a gift of the policy to the wife and for that reason the proceeds should be treated as the separate property of the wife. The error of the trial court arose from the failure of the parties to point out the distinction between a policy naming the personal representatives of the wife as her successors in the event of her death before that of the insured and a policy such as that in controversy which names the estate of the husband as the beneficiary under such circumstances. Though there is apparently no dispute as to the facts a new finding should be

68 Cal. App.—47

made by the trial court to support a decree in accordance with the views expressed herein.

Respondent insists that the appeal should be dismissed because of certain claimed irregularities in the substitution of attorneys for appellants; but as a motion based on the same grounds was denied by the supreme court before the cause was transferred here we do not think any discussion of the point is required.

Order and decree reversed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 17, 1924.

All the Justices concurred.