[Civ. No. 10863. First Appellate District, Division One.—January 27, 1939.]

In the Matter of the Estate of HERBERT G. MAXSON, Deceased. GRACE RUSSELL MAXSON, Respondent, v. HARRY B. RILEY, as State Controller, etc., Appellant.

W. H. H. Gentry, Inheritance Tax Attorney, and T. H. Christiansen, James W. Hickey and Herbert Kaufman, Assistant Inheritance Tax Attorneys, and Parker & Smith for Appellant.

Edward Hale Julien and George W. Lupton, Jr., for Respondent.

F. Eldred Boland, Richard M. Sims, Jr., and Knight, Boland & Riordan, as *Amici Curiae*, on Behalf of Respondent.

GRAY, J., *pro tem.*—The inheritance tax appraiser reported that decedent died intestate leaving (1) an estate which was insolvent after the payment of debts, administration expenses and a family allowance, (2) life insurance policies, payable immediately to his widow, in the total sum of $72,366.81, (3) policies payable to her on a life mutual income basis, of the present value of $67,399.66, and (4) policies payable to his minor daughter upon the latter basis of the present value of $14,873.22. He allocated to the widow $46,000 as her share of the $50,000 deductible under subdivision 9, section 2, of the Inheritance Tax Act of 1935 (Stats. 1935, p. 1266). In computing the taxable part of the proceeds received by the widow from the policies, he added the sums of $72,366.81 and $67,399.66 and then subtracted from this total, first, the sum of $46,000, and secondly, one-half of the remainder. He also made other additions and subtractions not involved in this appeal. The widow objected to his computation, claiming that one-half of his total should have been first eliminated and that then the sum

of $46,000 should have been deducted from the remainder. After a hearing the court decided her method of computation was correct and fixed her inheritance tax accordingly. The state controller appeals.

In their computations and arguments, both parties assume that the insurance proceeds are community property and agree that one-half of community property is not subject to an inheritance tax. But they differ as to legal method of computing such one-half. Respondent argues that the total proceeds are to be halved, while appellant urges that only the part of such proceeds remaining after the deduction allowed by subdivision 9, section 2, of the act is made, are to be so divided. The latter method, by decreasing the amount of the community exclusion by one-half of the other deduction, denies the widow the full amount of both deductions and increases the taxable proceeds, over the amount of her computation, by the sum of $22,862.34.

The parties agree that the following are the relevant portions of the act: ''Section 1. . . . (2) The words . . . 'property' . . . shall . . . mean . . . property . . . of the . . . insured, passing or transferred to individual . . . beneficiaries . . . ; provided, further, the one-half of the community property which belongs to the surviving spouse . . . shall not be subject to the provisions of this act . . . ; provided, further, that in case of a transfer of community property from one spouse to the other within the meaning of any subdivision of section 2 of this act, one-half of the community property so transferred to the wife . . . shall not be subject to the provisions of this act. . . .

''(3) The word 'transfer' . . . shall . . . include the passing of property . . . by . . . insurance in the manner herein described. . . .

''Section 2. A tax . . . is hereby imposed upon the transfer of any property . . . to persons . . . not hereinafter exempted, . . . in the following cases: . . .

''(9) The proceeds of all life . . . insurance policies payable on account of the death of the insured shall be subject to the tax herein imposed, as follows: . . .

''(b) The proceeds of all such policies hereafter issued payable to named beneficiaries..

''(c) The proceeds of all such policies now in force payable to named beneficiaries in which the insured has the right to

change the beneficiary or under which he has cash surrender right.

"(d) The aggregate proceeds of all policies designated in paragraphs (b) and (c) . . . up to and including a total of fifty thousand dollars, shall not be subject to the provisions of this act. Said fifty thousand dollar exemption shall be prorated among all beneficiaries under such policies in proportion to the amount of such insurance payable to each of them, and shall be in addition to all other exemptions provided for in this act."

The opening sentence of section 2 imposes a tax upon the *transfer* of any *property*, not afterwards exempted, in the cases subsequently specified. Subdivision 2 of section 1, in its definition of "property" provides that one-half of the community property, which belongs to the surviving spouse or which had been transferred by the husband to the wife within the meaning of any subdivision of section 2, shall not be subject to the provisions of the act. Whether the proceeds are community property, as the parties assume, or had been transferred to the widow as her separate property by reason of her designation as beneficiary (*In re Dobbel's Estate*, 104 Cal. 432 [38 Pac. 87, 43 Am. St. Rep. 123]; *Estate of Castagnola*, 68 Cal. App. 732 [230 Pac. 188]; *Estate of Miller*, 23 Cal. App. (2d) 16 [71 Pac. (2d) 1117]), one-half thereof is excluded from the operation of the act. "Transfer", according to the third subdivision of the section, includes the passing of property by insurance. Since title to one-half of the insurance proceeds vested in the widow as her share of the community, such one-half did not pass by insurance. (*Travelers Ins. Co. v. Fancher*, 219 Cal. 351 [26 Pac. (2d) 482].) The tax is imposed upon the transfer of property and not upon the property itself. (*Estate of Letchworth*, 201 Cal. 1 [255 Pac. 195].)

The forepart of subdivision 9 of section 2 states that the proceeds of all life insurance policies shall be subject to the tax imposed by the act. Clearly this tax is the tax imposed by the opening sentence of section 2 and the proceeds are one class of property, subjected to tax thereby. Since it is agreed that such proceeds are community property, one-half, as has been shown, is not subject to the tax. It will be assumed, as the parties have, that the proceeds fall within

the terms of either paragraph (b) or (c), although the record does not contain the facts warranting the assumption. Therefore, paragraph (d) becomes operative. Appellant argues that the first sentence of this paragraph excludes from the tax $50,000 of such proceeds, while respondent contends the second sentence thercof exempts such part of the proceeds. An exemption is a deduction and its difference from other deductions becomes important only when it is necessary to compute the various blocks into which the total taxable property is divided for the application of the different rates of taxes. (*Estate of Steehler*, 195 Cal. 386 [233 Pac. 972].) No such necessity here arising, this difference is immaterial. Whether the widow's share of the $50,000 is excluded or exempted, it decreases the taxable part of her insurance proceeds by that amount.

The opening sentence of section 2, in the light of the definitions found in section 1, excludes from taxation one-half of the community property, without any expressed limitation as to the form in which it may be. Subdivision 9 of section 2 first sets forth that insurance proceeds, without distinction as to their separate or community nature, are one kind of property which is subject to the tax imposed by the opening sentence of the section, and then, in paragraph (d) thereof, excludes $50,000 thereof. Each exclusion is based upon a different fact. The first is given because of the community nature of the property and the second because of its amount. The language creating the two exclusions does not state that either limits or affects the other, and therefore both must be given full effect. All parts of the section must be so construed together as to give each full effect. (*Estate of Bull*, 153 Cal. 715 [96 Pac. 366].) So doing, the court correctly computed the taxable part of the insurance proceeds, by first deducting one-half thereof as the widow's community share, and then $46,000 as her share of the $50,000 exclusion or exemption. It properly decided that the second deduction, not being based upon the community nature of the proceeds, did not diminish the deduction allowed for that reason.

The order fixing the inheritance tax is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 25, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1939.