[Civ. No. 11176. First Appellate District, Division One.—November 12, 1940.]

NELLIE ENDRISS BAZZELL, as Executrix, etc., Appellant, v. ALICE D. ENDRISS et al., Respondents.

H. J. Kleefisch and Zimdars & Warren for Appellant.

Harvey S. Craig for Respondents.

WARD, J.—This action for declaratory relief and to quiet title involves conflicting claims to the proceeds of a life insurance policy in the sum of $1,000, issued to R. C. Endriss, in which the mother of the insured was named as beneficiary. Endriss died on June 6, 1938, and the mother less than two

months thereafter. Plaintiff, a sister of the insured, as the executrix of the mother's estate, brought this action against the insured's surviving widow who claims a half interest in the policy by reason of the fact that premiums thereon were paid with community funds and that she had not consented to a gift of the policy to the mother. The trial court found the facts to be in accordance with this contention and gave judgment for the widow, from which plaintiff prosecutes this appeal.

It is the contention of appellant that the evidence shows the insured was indebted to his mother in an amount exceeding the value of the policy, and that under such circumstances there could be no gift of the policy.

The insured and defendant were married in 1918, and the policy was issued in 1929. The widow testified that all premiums were paid from earnings of the insured's business. In *Union Mutual Life Ins. Co.* v. *Broderick,* 196 Cal. 497, 507 [238 Pac. 1034], the court said: "It is no doubt the settled law of this state that, where the premiums on an insurance policy issued on the life of a husband after coverture are paid entirely from community funds, the policy is a community asset, and, in view of the provisions of section 172 of the Civil Code, the husband cannot make a valid gift thereof without the written consent of the wife; and that where the husband attempts to do so, by naming a third party as beneficiary, the transaction as to the wife's share is voidable and subject to her right of revocation." This view of the law was also held in *Mundt* v. *Connecticut Life Ins. Co.,* 35 Cal. App. (2d) 416, 421 [95 Pac. (2d) 966], where the court said: "From the leading case of *New York Life Ins. Co.* v. *Bank of Italy,* 60 Cal. App. 602 [214 Pac. 61], through the many intervening cases, down to *Travelers Ins. Co.* v. *Fancher,* 219 Cal. 351 [26 Pac. (2d) 482], the only test applied to this problem has been whether the premiums (on a policy issued on the life of a husband after coverture) are paid entirely from community funds. If so, the policy becomes a community asset and the nonconsenting wife may recover an undivided one-half thereof 'without regard' [as said in *Dargie* v. *Patterson,* 176 Cal. 714, 721, 169 Pac. 360] 'to the amount or condition of the estate remaining in his [the husband's] hands at the time of his death', and we might add, without regard to the disproportionate size of the pre-

mium when compared with the face of the policy.'' In the first cited case it was held that the change of beneficiary was made by reason of the fact that the insured was indebted to his sister, and that under such circumstances the change was made for a consideration and was not a gift. In the second case the trial court found against an indebtedness of the insured to his mother and the judgment for the widow was sustained.

In the present case the insured's mother was named at all times as the beneficiary. There is considerable evidence that the insured at various times, before and after marriage, had given certain sums of money to his mother. Bank accounts indicated also that the mother had withdrawn various amounts and delivered them to the insured for use in his business, for his hospital bills and different unexplained purposes. Appellant, the sister of the insured, testified that in April of 1937 her brother had said "I owe Mother $3,000''. There was no showing that the mother had, since her husband's death, any source of income except that given her by her son, plus some indefinite amount earned by keeping a rooming house.

The court found that the naming of the mother as beneficiary constituted a voluntary gift without valuable consideration, and that at no time did the wife consent to a gift of her community interest in the policy. Reading the record in its entirety, and taking into consideration statements that prior to marriage the insured had contributed to his mother's support, and that she in turn had loaned money to establish him in business and to pay his hospital and other bills; also the fact that the widow paid the last premium during the insured's illness, and considering conflicting evidence and inferences that could be drawn from the testimony, we find ample evidence to sustain the trial court's conclusion. (Civ. Code, secs. 172, 161a; *Travelers' Ins. Co.* v. *Fancher*, 219 Cal. 351 [26 Pac. (2d) 482] ; *Blethen* v. *Pacific Mut. Life Ins. Co.*, 198 Cal. 91 [243 Pac. 431] ; *Siberell* v. *Siberell*, 214 Cal. 767 [7 Pac. (2d) 1003] ; *Ballinger* v. *Ballinger*, 9 Cal. (2d) 330 [70 Pac. (2d) 629].)

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.