[Civ. No. 6196.   Fourth Dist.   July 5, 1960.]

Estate of MAZIE O. MENDENHALL, Deceased.   ALAN CRANSTON, as State Controller, Appellant, v. ERNEST D. MENDENHALL, as Executor, etc., Respondent.

James W. Hickey, Chief Inheritance Tax Attorney, and Walter H. Miller, Chief Assistant Inheritance Tax Attorney, for Appellant.

Winston Churchill Black for Respondent.

SHEPARD, Acting P. J.—This is an appeal by Alan Cranston, Controller of the State of California, from the order fixing inheritance tax in the above entitled estate. By his opening brief, appellant affirmatively abandons the appeal as to those portions thereof which do not concern the taxability of decedent's alleged community interest in certain life insurance policies, which interest was by said order excluded from the inventory and appraisement for tax purposes.

The facts in the case are undisputed. Prior to the death of deceased, 12 insurance policies were purchased and carried on the life of her husband, Ernest D. Mendenhall, as insured. The beneficiary named in each of said policies was the estate of said husband. It is apparent from the evidence that the named insured, by the terms of the policies, has the right to change the beneficiary at will and has, in fact, done so since decedent's death. About two years prior to the death of decedent these policies were all converted to paid-up insurance. All premiums on the policies were paid by community funds. The decedent, during her lifetime, had full knowledge of the

444

policies and everything that took place in connection with them. She never made any objection of any kind. There is no finding and no contention that any agreement, oral or written, was ever made between husband and wife transmuting the community character of any of the insurance policies or any other part of the community property from community to separate property. There is no evidence that decedent ever consented, in writing, to the gift of her community interest in the insurance policies to anyone. Decedent was of about the age of 77 years at the date of her death and the husband was about 82 years of age. Decedent left a will. By it she devised her personal effects, home furnishings and auto to her husband, and in addition, there is a $1,000 charitable bequest. All of the rest and residue of her estate is, by the will, left in trust and the husband is named as the sole beneficiary thereof during his lifetime, remainder over to beneficial use and ultimate distribution to their only son and to their grandchildren, the details of which we are not here concerned with. She made no specific reference in her will to the insurance, nor to any other specific property except as above recited.

Under this statement of facts, appellant contends that decedent was the owner at the date of her death of a one-half interest in the insurance policies; that such one-half interest was subject to her testamentary disposition; that she did by her will make testamentary disposition thereof to legatees other than her husband, and that such interest should have been included in the inventory and appraisement of decedent's estate for tax purposes. Respondent contends that decedent, during her lifetime, consented to the use of community funds for the payment of premium and to the naming of her husband's estate as the beneficiary; that she thereby waived any interest in the policies and that they are not an asset of her estate and were properly excluded from the inventory and appraisement by the order of the trial court.

An insurance policy is property. It can be sold, assigned or bequeathed by the owner. Its pecuniary value is the same as though the owner held a promissory note of the insurance company payable on condition. Upon payment, the title to the money paid follows the title to the policy. (*Blethen* v. *Pacific Mutual Life Ins. Co.*, 198 Cal. 91, 98 [1] [243 P. 431]; *Sullivan* v. *Union Oil Co. of Calif.*, 16 Cal.2d 229, 237 [2] [105 P.2d 922].)

An insurance policy paid for from community funds is ordinarily community property. (*Estate of Allie*, 50 Cal.2d

794, 798 [3] [329 P.2d 903] ; *Grimm* v. *Grimm,* 26 Cal.2d 173, 175 [1] [157 P.2d 841] ; *New York Life Ins. Co.* v. *Bank of Italy,* 60 Cal.App. ·602, 606 [214 P. 61] ; *Bazzell* v. *Endriss,* 41 Cal.App.2d 463, 464 [1] [107 P.2d 49] ; *Cook* v. *Cook,* 17 Cal.2d 639, 644 [1] [111 P.2d 322].)

Prior to 1927 the wife's interest in the community property was a mere expectancy. (*Stewart* v. *Stewart,* 199 Cal. 318 [249 P. 197] ; *Spreckels* v. *Spreckels,* 172 Cal. 775 [158 P. 537].) This rule was changed by Civil Code, section 161a, so that the wife, since 1927, has a "present, existing and equal interest" in the community property. Therefore decisions involving community property acquired prior to 1927 must be read in the light of the enactment in 1927 of said section 161a.

Since the insurance premiums here involved were all paid from community funds, and there is no suggestion that any were paid prior to 1927, there is no question but that the wife's interest was "present, existing and equal" and was a vested interest and that she has equal testamentary power with the husband. (*Odone* v. *Marzocchi,* 34 Cal.2d 431, 439 [13] [211 P.2d 297, 212 P.2d 233, 17 A.L.R.2d 1109] ; *Horton* v. *Horton,* 115 Cal.App.2d 360, 364 [1] [252 P.2d 397].)

The husband, however, during the lifetime of the parties, retained complete control and management of the community personal property, subject only to the restriction that he may not give it away to a third party without the wife's *written* consent. (Civ. Code, §§ 161a, 172, 172a; *Schecter* v. *Superior Court,* 49 Cal.2d 3, 11 [8a] [314 P.2d 10] ; *Bazzell* v. *Endriss, supra.*) Thus, he has the right, during the existence of the community, to invest their community funds in insurance and the wife could not interfere with such investment of personal property. (*Berniker* v. *Berniker,* 30 Cal.2d 439, 446 [182 P.2d 557].) But the wife has the right to set aside any attempted gift of community property. (*Britton* v. *Hammell,* 4 Cal.2d 690, 692 [52 P.2d 221] ; *Lynn* v. *Herman,* 72 Cal.App.2d 614, 618 [4] [165 P.2d 54].) It must here be noted, however, that the naming by the insured husband of a third party as a beneficiary in a policy on his life where he as the insured retained the right to change the beneficiary would not of itself be a gift, but would create in favor of the beneficiary a mere expectancy without any vested interest. (*Thorp* v. *Randazzo,* 41 Cal.2d 770, 773 [1] [264 P.2d 38] ; *Grimm* v. *Grimm, supra,* 175 [3].) Since such expectancy does not become a completed gift until the husband's death, the wife's right to maintain an action to set

446

it aside as to her one-half interest accrues at the time of the husband's death. (*Grimm* v. *Grimm, supra,* 175 [2].)

That the husband and wife may, by oral or written agreement, transmute community into separate property, and vice versa, is true. (*Tomaier* v. *Tomaier,* 23 Cal.2d 754 [146 P.2d 905].) In the case here at bar, however, there was no attempt to show that any such agreement was ever entered into. Mere acquiescence by a dutiful wife to the legal right of the husband to manage and control the community personal property cannot give rise to a presumption that she agreed to surrender her community interest. The fact that he named his estate as beneficiary would give no right of action to the wife until his death. She could, of course, give notice to the insurance company of her community claim, thereby preventing payment of her half interest to a third party, but she could not disturb the policy during the husband's lifetime. (*Beemer* v. *Roher,* 137 Cal.App. 293, 297 [5] [30 P.2d 547] ; *Berniker* v. *Berniker, supra.*) Even after his death, she would still retain her community interest. (*New York Life Ins. Co.* v. *Bank of Italy, supra.*) When the husband names his estate as beneficiary, it will not be presumed that he intended to change the character of the property from community to separate. (*Estate of Castagnola,* 68 Cal.App. 732, 737 [5] [230 P. 188] ; *Estate of Wedemeyer,* 109 Cal. App.2d 67, 71 [6] [240 P.2d 8].) Since she chose to dispose of her half by will, her representatives would succeed to her rights.

The case of *Mayr* v. *Arana,* 133 Cal.App.2d 471 [284 P.2d 21], cited by respondent, involved a special form of policy in respect to which the wife was the primary beneficiary with the mother a secondary beneficiary. The wife was held to have released her community interest in consideration of being made the primary beneficiary. We do not consider the reasoning under the facts there presented applicable to the case at bar.

It is unnecessary to exhaustively analyze the cases of *Thompson* v. *Calvert* (Tex.Civ.App.), 301 S.W.2d 496; *Estate of Leuthold,* 52 Wn.2d 299 [324 P.2d 1103] ; and *United States* v. *Stewart,* 270 F.2d 894. Suffice it to say that while there are some slight differences between the law under which they were decided and the exact wording of the California statutes, nevertheless, the reasoning used in those cases and the conclusions reached therein are in accordance with the conclusions reached by us in the case at bar.

In substance, section 13553 of the Revenue and Taxation Code provides that all community property passing at the death of the wife to the husband by either succession or will is exempt from the provisions imposing an inheritance tax, but that portion of the community property which the wife devises to others than her husband is excepted from such exemption and is subject to the provisions of the inheritance tax law.

The question of how much of the value of the wife's half of the insurance which goes into the trust shall be exempt by reason of the fact that the husband is given a beneficial interest therein for his lifetime is not presented to us, and we do not decide. In fact, the evidence in the record before us was not directed to that point at all and is insufficient to afford any basis for final conclusion in that respect.

We merely hold that the wife's unwritten acquiescence in the naming of the husband's estate as the beneficiary did not deprive her of her community interest therein, and since she did by will devise her estate to others than her husband, her one-half interest in the insurance policies should have been inventoried as a part of her estate for general inheritance tax purposes.

The order fixing inheritance tax insofar as it excludes the wife's one-half interest in the insurance policies from the inventory and appraisement, is reversed. In all other respects the order is affirmed. Each party shall bear his own costs.

Coughlin, J., and Shea, J. pro tem.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 1, 1960. Schauer, J., was of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.