[Civ. No. 19892. First Dist., Div. One. Jan. 8, 1962.]

Estate of EUGENE C. COMPTON, Deceased. IRVIN E. COMPTON, as Executor, etc., Objector and Respondent, v. ALAN CRANSTON, as State Controller, etc., Claimant and Appellant.

James W. Hickey, Chief Inheritance Tax Attorney, Charles J. Barry, Senior Inheritance Tax Attorney, Newell C. Barnett and Milton D. Harris, Associate Inheritance Tax Attorneys, for Appellant.

Koster & Kohlmeier and Bayley Kohlmeier for Respondent.

TOBRINER, J.—■■■ This appeal presents solely the issue of the proper allocation of the $50,000 life insurance exemption, allowed under Revenue and Taxation Code section 13724 to beneficiaries of insurance proceeds, in a case in which the proceeds are payable partly to the wife of the insured and partly to his son. Since the insurance premiums were paid with community funds, we believe that the probate court correctly decided that the proration of the exclusion between the beneficiaries should be applied to the one-half of the proceeds remaining after subtraction of the community exclusion.

The nine insurance policies, payable at the insured's death, here involved, totaled $81,000 face value. Policies of $41,000 were payable to the insured's wife and $40,000 payable to his son. For ease of computation the parties have ignored the dividend payment of $152.87 payable to the wife and son.

The report of the inheritance tax appraiser, which the pro-

bate court rejected, apportioned the $50,000 life insurance exemption as follows:

AGNES COMPTON: $\dfrac{\$41,000}{\$81,000} \times \$50,000 = \$25,308.64$

IRVIN COMPTON: $\dfrac{\$40,000}{\$81,000} \times \$50,000 = \dfrac{\$24,691.36}{\$50,000.00}$

Under this apportionment no tax would be due from the wife since she would be entitled to the benefit of the community exclusion of one-half of the insurance proceeds in the amount of $40,500. On the other hand, the son would be liable for taxes on the $40,000 of insurance proceeds, less the prorated portion of the exclusion of $24,691.36; that is, the amount of $15,308.64.

The probate court held that the community exclusion ($40,500) must be subtracted from the total insurance proceeds ($81,000) *before* apportionment of the $50,000 exemption. This theory rests upon the principle that the community exclusion should be given effect before calculating the proration of the $50,000 life insurance exemption; the latter exemption is prorated upon the basis of the total amount of *insurance proceeds received* by all the beneficiaries. This procedure produces the following proration:

AGNES COMPTON: $\dfrac{\$\ 500}{\$40,500} \times \$50,000 = \$\quad 617.28$

IRVIN COMPTON: $\dfrac{\$40,000}{\$40,500} \times \$50,000 = \dfrac{\$49,382.72}{\$50,000.00}$

This method of apportionment imposes no tax upon either party.

We shall point out, first, that sections 13551 and 13724 of the Revenue and Taxation Code, construed as a whole, exclude the community property insurance proceeds from inclusion in the proration set out in section 13724; those proceeds did not pass to the wife as insurance within the meaning of the inheritance tax law. We shall then consider the cases and authorities; thereafter, we shall examine appellant's contentions.

The pertinent section 13724 of the Revenue and Taxation Code, provides that, ''In addition to the exemptions allowed by this part, the payment or right to receive payment of fifty thousand dollars ($50,000) of the proceeds of either of the insurance policies mentioned in Section 13723 is not subject

to this part, with the following limitations: . . . (b) . . . Where there is more than one beneficiary, the fifty thousand dollars ($50,000) shall be prorated among the beneficiaries in proportion to the amount of insurance payable to each."

Section 13724, in our judgment, applies only to insurance proceeds which are received as such. A wife does not receive proceeds attributable to her one-half of the community property as insurance (*Travelers Ins. Co.* v. *Fancher* (1933) 219 Cal. 351 [26 P.2d 482]), but as community property. She has at all times a " 'present, existing and equal' " interest in such proceeds. (*Estate of Mendenhall* (1960) 182 Cal.App.2d 441, 445 [6 Cal.Rptr. 45].) The husband may invest community funds in insurance but at the time of the husband's death, the wife possesses the right to set aside the transfer to the extent of one-half of the face value of the policy. (*Grimm* v. *Grimm* (1945) 26 Cal.2d 173 [157 P.2d 841]; *Estate of Mendenhall, supra,* 182 Cal.App.2d 441, 445.) In the instant case the husband could not make an effective gift of community property in naming his son as a beneficiary of the policy; the son received a mere expectancy. Until the creation of a right under the policy no gift accrued to the son which the wife could set aside. (*Grimm* v. *Grimm, supra,* 26 Cal.2d 173, 175-176.) We believe that there can be no question but that the wife's half of the insurance proceeds does not pass to her as part of the estate but as community property.

We cannot concur in appellant's contentions that because the wife did not "elect between her community rights and the decedent's gift," but took under the terms of the insurance policy, "the entire $81,000 passed as insurance proceeds." To sustain this position appellant cites *Tyre* v. *Aetna Life Ins. Co.* (1960) 54 Cal.2d 399 [6 Cal.Rptr. 13, 353 P.2d 725] and *Estate of Mendenhall, supra,* 182 Cal.App.2d 441. *Tyre* merely deals with the problem of whether or not a wife, if she does not elect against the gift, is bound by the provisions of the insurance policy. In *Mendenhall,* the husband obtained insurance policies upon his life, paying the premiums with community funds. The *wife* died and her one-half interest in the policies passed to others under her will. The court held that since the wife devised her one-half interest in the policies to persons other than her husband, that part of her estate should have been included in the inheritance tax inventory.

Appellant argues that since the wife could not transfer community property during the life of her husband, and since

she did not elect to take against the gift, her husband became the sole transferee and she took her portion as insurance proceeds. This argument ignores the realities of the situation. The wife, by failing to elect against the will, took exactly what she would have taken if she had so elected; in fact, she took more. It would be grossly artificial to hold that, in such a case, there has been a "transfer" of anything more than the excess over her one-half interest. Indeed, even if we were to agree that the interest passed as "insurance proceeds," that term as used in section 13724, as we shall demonstrate, refers only to proceeds which are subject to the inheritance tax law.

Section 13551, subdivision (b), of the Revenue and Taxation Code expressly states that " [t]he one-half of the community property which belongs and goes to the surviving wife pursuant to Section 201 of the Probate Code is not subject to this part." "[T]his part," numbered part 8, bearing the title "Inheritance Tax Law" (§ 13301), contains all of the sections involved here. If the wife's one-half of the proceeds were to be used to determine the proration of the exemption, which is, of course, contained within part 8 of the Code, then such proceeds would be "subject to this part" in derogation of the legislative mandate. Section 13551, subdivision (b), thus constitutes a legislative recognition both of the vested character of the wife's interest of the community property and a legislative direction to exclude such property from consideration in determining inheritance taxes, either as to the tax to be paid by the wife or the tax to be paid by others. While section 13724 states that the insurance exemption must be prorated "among the beneficiaries in proportion to the amount of insurance payable to each," section 13551, subdivision (b), presupposes that such insurance constitutes insurance other than that which a surviving spouse takes as community property. Section 13551, subdivision (b), does more than exclude one-half of the proceeds of the insurance policies from taxation; it excludes such proceeds from inclusion in the proration of the exemption.[1]

The only relevant authorities which we have discovered confirm the position which we have suggested. Thus the Wash-

---

[1]The above result applies to section 13554, as well as to section 13551, subdivision (b). Section 13554, at the time the tax liability arose, provided that, "Where community property is transferred within the provisions of Chapter 4 of this part other than by will or the laws of succession from one spouse to the other: . . . (b) None of the property transferred is subject to this part if the husband is the transferee."

ington Supreme Court, a well-reasoned superior court decision, and an A.L.R. annotation, which we now proceed to consider, hold that the community property exclusion must be deducted prior to the proration of the insurance exemption.

The Washington Supreme Court in *In re Coffey's Estate* (1938) 195 Wash. 379 [81 P.2d 283], held that the Washington inheritance tax did not cover the wife's community share of insurance proceeds and that the $40,000 statutory insurance exemption attached to the husband's share of the proceeds. In arriving at its conclusion, the court heavily stressed the vested character of the wife's share of the community property. In the words of the court, "The interest of the wife in the community estate in this state is not a contingent or expectant interest, but a present, undivided, one-half interest. [Citations.] No new right or interest is generated in the wife by the death of her husband; his death merely affords the occasion for the termination of the husband's interest in the community estate." (P. 284 [81 P.2d].) The opinion states, " 'It is therefore, in the very nature of things, impossible for an estate or inheritance tax to be exacted with respect to something in which the decedent did not own or have some kind of right at the time of his death, for in such a case there is no transfer.' [Citing cases.] " (P. 285 [81 P.2d].) The court concludes "that with respect to the balance of the proceeds of the insurance, since the premiums were paid with community funds, the wife had an undivided one-half interest in the policies. Only the husband's one-half interest therein may be included in his gross estate, and the forty thousand dollar exemption prescribed by chapter 180, § 115, Laws of 1935, Rem. Rev. Stat. (Sup.) § 11211b, is applicable thereto." (P. 286 [81 P.2d].)

The Los Angeles Superior Court in *Estate of Alfred Schwartz*, L. A. No. 303744 (1950), stated in a memorandum opinion of Judge J. F. Morony, "It seems clear . . . that the Legislature intended that one-half of the community property insurance proceeds, namely $28,000 thereof in which the widow had a vested right, was to be entirely excluded from the operation of the inheritance tax law. It belonged to the wife, she had a vested interest in it, and it did not pass to her as insurance within the meaning of the inheritance tax law."

Finally, the annotators of A.L.R. have found that, "Where a husband, residing in a community property state, obtains

insurance on his own life, designates his wife as beneficiary, and pays the premiums out of community funds, it is held that the proceeds of the policy constitute community property, that one-half of the proceeds belong to the wife, and that only the other half of the insurance is liable to tax under statutes which levy a tax upon life insurance proceeds." "And where a statute levies a tax upon the proceeds of life insurance policies but exempts a stated sum from the tax, and life insurance proceeds payable to the wife are community property so that only one-half of the proceeds is treated as the husband's share, the exemption is deducted from the one-half of the proceeds which is the husband's share of the community property." (73 A.L.R.2d 157, 226, 227.)

In an excellent and comprehensive article on California inheritance taxation the writer explains that as to premiums paid with community property: "If the premiums are paid with community funds and if the spouse is the beneficiary, the community exclusion applies. . . . This means that if there is $100,000 in insurance upon the husband's life with the wife as beneficiary and the premiums are paid with community funds, one half ($50,000) would be excluded by reason of the community property exclusion and the other one half ($50,000) would be excluded under the insurance exclusion. *Estate of Maxson* (1939) 30 C.A.2d 566, 86 P.2d 922." (Barry, Cal. Inheritance Tax., Cal. Estate Admin. (Cont. Ed. of the Bar (1960)), pp. 455, 467.)

Turning now to appellant's contentions, we shall explain why we have concluded that his position would defeat the purpose of the insurance exemption and why we do not agree with his argument that *Estate of Maxson* (1939) 30 Cal.App. 2d 566 [86 P.2d 922] concludes the issue. Appellant claims that although the wife's community share of the insurance proceeds is not taxable, we must nevertheless include it in prorating the $50,000 exemption among beneficiaries; we must so consider it even though such calculation causes a loss of part of the exemption. Yet the insurance exemption seeks the encouragement of the utilization of insurance for the protection of the insured's dependent; the exemption contemplates the lifting of a possible burden of support of such a dependent from society in general. Appellant asks us to accept a theory which would require a beneficiary to pay an inheritance tax upon insurance proceeds received as a result of the death of the insured, while leaving a portion of the exemption unused. This theory would, in effect, curtail the insurance exemption

in derogation of the rule in *Estate of Maxson, supra,* 30 Cal. App.2d 566, which holds that neither community property exclusion nor insurance exemption should limit or diminish the other. To construe the statutory exemption in this manner is to nullify the legislative objective. (*In re Killien's Estate* (1934) 178 Wash. 335 [35 P.2d 11].)

Despite the above impact of *Maxson,* appellant primarily bases his case upon that decision. In *Maxson,* the court was asked to determine whether the exclusion for one-half of the community property is to be determined before or after deduction of the $50,000 insurance exemption. The court held that in order to avoid the possibility of one exclusion diminishing the other, a result clearly contrary to legislative intent, the community exclusion should be calculated before subtracting the insurance exemption. Appellant here would apportion the $50,000 exemption between the beneficiaries and include in such calculation property not within the scope of the statute. Were we called upon, here, as was the court in *Maxson,* to include these figures for the purpose of calculating the amount of the community property exclusion, we would face a different problem. We are, however, here concerned only with the apportionment of a precalculated exclusion. To apportion to the wife a share of the exclusion in excess of the taxable property which she receives, while requiring the remaining beneficiary to pay an inheritance tax upon insurance proceeds that would be exempt from taxation, if the exclusion were to be used to the full, is to defeat the legislative purpose.

Although the parties in *Maxson* might have presented the instant problem to the appellate court, they did not do so (though the point was mentioned by amici curiae), and the court did not discuss the method of arriving at the apportionment of the insurance exclusion. The court merely stated that the trial court "correctly computed the taxable part of the insurance proceeds, by first deducting one-half thereof as the widow's community share, and then $46,000 as her share of the $50,000 exclusion or exemption. It properly decided that the second deduction, not being based upon the community nature of the proceeds, did not diminish the deduction allowed for that reason." (*Estate of Maxson, supra,* 30 Cal.App.2d 566, 570.) The court did not demonstrate the method used to arrive at the $46,000 figure, and neither of the methods urged by the parties to this action would result in this precise figure.

Finally, we cannot interpret the involved section in isolation; we must find, if we can, the complete legislative design.

We are aided in this task by the fact that the legislative purpose has been further expressed since the time when the present liability arose. The Legislature amended section 13551 in 1961. It now reads: "None of the community property transferred to a spouse is subject to this part. . . ." If we were to apply the method urged by appellant to future cases arising under identical facts, we would reach an even less tenable result than that which appellant seeks here. In such a case, if the wife received insurance proceeds which were community property in nature, and other beneficiaries also received proceeds, then in no case, no matter how large the total value of the policies, would the entire $50,000 exclusion be available. We cannot accept a construction of the statute which would so seriously defeat the legislative attempt to create an effective insurance exemption.

To ignore the community interest of the wife is, then, to thwart the legislative purpose and to disregard the relationship of sections 13551 and 13724 of the statute. Indeed, it is to take a grave step backwards. The recognition of the wife's communal interest has been a slow but inexorable process. With the economic role of the wife becoming more and more that of a copartner in the family unit rather than a subservient to the husband, the legal systems of most countries of the world have been according her an ever greater status. The forms of that recognition have varied; the trend, however, has been constant. While the instant case represents but a minor application of this development, we are loath both to reject the legislative design and to disregard this evolving legal recognition of social and economic reality.

Reading sections 13551 and 13724 together and prorating the $50,000 exemption in proportion to the proceeds subject to the inheritance tax law received by each beneficiary, we conclude that there is no tax due from either beneficiary.

We affirm the order.

Bray, P. J., and Sullivan, J., concurred.