**Darrell GRIFFIN and Deborah Griffin, Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, et al., Defendants.**

No. CV–95–2537–KMW (RMCx).

United States District Court, C.D. California.

March 1, 1996.

A. Clifton Hodges, Michael S. Preis, Taylor & Hodges, Glendale, CA, for Darrell P. Griffin and Deborah M. Griffin.

Peter H. Klee, Robert H. Roe, Luce, Forward, Hamilton & Scripps, San Diego, CA, for Allstate Insurance Company and John Jacques (erroneously sued as Jeffery S. Jacques).

## MEMORANDUM OF OPINION

WARDLAW, District Judge.

Darrell and Deborah Griffin sued Allstate Insurance Co. ("Allstate"), and its agent, John Jacques, alleging that an Allstate homeowner's insurance policy obligates it to pay for damages that their home sustained during the Northridge earthquake. Defendants moved for summary judgment; the Griffins did not file any written opposition.[1] The court heard oral argument on February 12, 1996. It found that the moving papers are sufficient to support the motion and do not reveal a genuine issue of material fact and, further, that they show (1) this cause of action belongs to Darrell Griffin's bankruptcy estate, so the Griffins do not have standing to

---

1. On February 7, 1996 Plaintiffs filed an Ex Parte Application To Continue Hearing On Defendants' Motion For Summary Judgment Or, In The Alternative, For Partial Summary Judgment and supporting declarations. The Declaration of A. Clifton Hodges, counsel of record for plaintiffs the Griffins states "on or about Friday, January 5, 1996, I reached the conclusion that ... we cannot in good faith file an opposition without risking a violation of our duty to this Court, including but not limited to the duty set forth in the Federal Rules of Civil Procedure ... Rule 11." Hodges Decl. ¶ 3. Counsel stipulated to an extension of time to file an opposition, and the Court continued the hearing to Monday, February 9, 1996. Mr. Hodges' declaration recites that during the continuance he again met with Plaintiffs. Mr. Hodges declares "nothing which Griffins told me altered my conclusion that our firm could not, in good faith, file an opposition to Defendants' motion on their behalf." Hodges Decl. ¶ 9. At that meeting Mr. Hodges also informed the Plaintiffs of Defendants' agreement to waive costs in exchange for dismissal with prejudice, an offer which the Griffins declined. Hodges Decl. ¶ 12.

As a result, Mr. Hodges found himself in the unfortunate "Catch 22" position of missing the deadline for filing an opposition because his duty to the Court precluded him from filing an opposition and his ethical duty to the Griffins precluded him from filing a statement of non-opposition pursuant to Local Rule 7.6. Hodges Decl. ¶ 15. An accompanying Declaration of Co–Counsel Michael S. Preis recites that he contacted the Trustee Administrator on January 5, 1996 who stated "that she would agree to substitute into the action, and to retain our firm as special counsel to the trustee, provided I would represent that we believed in good faith that Griffins' action was well grounded in both law and fact." Preis Decl. ¶ 3. Mr. Hodges affirmed at oral argument that Mr. Preis had in fact contacted the Bankruptcy Trustee on January 5 but that as of the hearing date, February 12, 1996, the Bankruptcy Trustee did not substitute into this action. Defendants opposed plaintiffs' Ex Parte Application to Continue the Hearing. The motion was denied.

sue and (2) the policy had lapsed when the earthquake occurred, so Allstate is not liable for damages to the Griffins' home. Therefore, it **GRANTS** Defendants' motion.

## I.  BACKGROUND

### A.  Uncontroverted Facts

Allstate issued an Allstate Deluxe Homeowners Policy (the "Policy") to the Griffins. It did not receive the December 1993 premium payment when it was due. Lang Decl. ¶ 2. Thus, on December 17, 1993, it sent them a Notice of Cancellation, stating that it would cancel the Policy if it did not receive the December premium payment by January 2, 1994. Darrell Griffin received and read this letter. Darrell Griffin Depo. at 15:12–16. However, he ignored it because Mrs. Griffin told him that she had mailed the premium payment. *Id.* at 15:21–23.

Allstate canceled the policy on January 2, 1994 because it did not receive a December premium payment. On January 7, 1994, it sent a Notice of Cancellation to Great Western Bank, which held a mortgage on the Griffins' home. Lang Decl. ¶ 4. The Griffins maintain that they mailed the December premium to Allstate before January 2. Deborah Griffin Depo. at 12:5–9. However, they have never produced a canceled check, bank statement, or check register to prove that they paid the premium by January 2. Darrell Griffin Depo. at 17:5–8 (stating that although the Griffins requested bank statements, they have "not ... been able to find the canceled check".)

On January 24, Allstate received a check from the Griffins for the January premium; allowing two days for mailing, it reinstated the Policy effective January 22. Jacques was the Allstate agent responsible for servicing the Griffins' policy in January 1994.

### B.  The Lawsuit

On January 17, 1994, the Northridge earthquake damaged the Griffins' home. Allstate refused to pay for the damages because the Policy lapsed before the earthquake occurred.

On January 17, 1995, the Griffins sued Allstate for breach of contract and both Allstate and Jacques for breach of the implied covenant of good faith and fair dealing, breach of fiduciary duties, and punitive damages.

### C.  Bankruptcy Filing

On May 16, 1995, Darrell Griffin filed a Chapter 13 bankruptcy petition. The bankruptcy court converted his bankruptcy to a Chapter 7 liquidation on July 31, 1995. The Chapter 7 trustee, Edward M. Wolkowitz, has not abandoned the Griffins' cause of action against Allstate and Jacques.[2]

### D.  The Instant Motion

Allstate and Jacques now move this Court for summary judgment, arguing that (1) the Griffins do not have standing to sue and (2) their insurance coverage lapsed before the earthquake occurred. The Griffins have not filed any opposition to this motion.

## II.  ANALYSIS

### A.  The Standard for Summary Judgment

■ Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if there are not genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). A party resisting summary judgment has an affirmative obligation to bring forward evidence "on which the jury could reasonably find for [the non-moving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). A mere scintilla of evidence will not suffice. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The non-moving party

**2.** Darrell Griffin did not disclose his cause of action against Allstate and Jacques to the bankruptcy court. Request for Judicial Notice Ex.

113. The trustee cannot abandon a suit of which he is unaware.

must "go beyond the pleadings and show 'by her own affidavits, or by the depositions, answers to interrogatories, or admissions on file' that a genuine issue of material fact exists." *Hopkins v. Andaya*, 958 F.2d 881, 885 (9th Cir.1992) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

### B. Standard of Evaluation When Motion is Unopposed

■ Under Local Rule 7.9, "[p]apers not timely filed by a party including any memoranda or other papers required to be filed under this rule will not be considered and may be deemed by the Court consent to the granting or denial of the motion, as the case may be." C.D.Cal. Local Rule 7.9. The Ninth Circuit has held that a district court can grant an unopposed motion for summary judgment if the moving papers are sufficient to support the motion and do not reveal a genuine issue of material fact. *Henry v. Gill Indus.*, 983 F.2d 943, 949 (9th Cir.1993).

### C. Standing

#### 1. Darrell Griffin

■ The filing of a bankruptcy petition "creates an estate [which] is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "The scope of section 541 is broad, and includes causes of action." *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir.1986). Lawsuits remain part of the bankruptcy estate unless the bankruptcy trustee abandons them. 11 U.S.C. § 554(d).

■ Under the Federal Rules of Civil Procedure, "[e]very action [must] be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a). Because the bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in the suits that belong to the estate. *See Sierra Switchboard*, 789 F.2d at 708 n. 1; *see also Mele v. First Colony Life Ins. Co.*, 127 B.R. 82, 84 (D.D.C.1991).

■ Mr. Griffin's cause of action against Allstate and Jacques accrued by January 17, 1995 when he filed suit against them. He filed his bankruptcy petition on May 16, 1995. Thus, the cause of action accrued before he filed his petition and is part of his bankruptcy estate. Because the bankruptcy trustee has not abandoned the claim to him, he is not the real party in interest and does not have standing to sue.

#### 2. Deborah Griffin

■ Nor does Deborah Griffin have standing to sue. The Policy was community property because the Griffins paid the premiums with community funds. Deborah Griffin Depo. at 37:23–25, 39:23—40:7; *Estate of Mendenhall*, 182 Cal.App.2d 441, 444, 6 Cal. Rptr. 45, 47 (1960). Community property assets and their proceeds become part of the bankruptcy estate of the first spouse to file a bankruptcy petition. *In re Bartlett*, 24 B.R. 605, 607 (Bankr. 9th Cir.1982).

■ Because proceeds of and the contractual rights arising from the Policy are property of the bankruptcy estate, Mrs. Griffin has no standing to pursue a breach of contract action to obtain Policy proceeds. Furthermore, the implied covenant of good faith and fair dealing supplements express contractual rights. *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 35–36, 44 Cal. Rptr.2d 370, 900 P.2d 619 (1995). It does not have an existence independent of its contractual underpinnings. *Id.* Thus, if a plaintiff cannot sue for breach of contract, she cannot sue for breach of the implied covenant of good faith and fair dealing. *Id.* Because Mrs. Griffin cannot pursue a breach of contract action against Allstate, she cannot sue it or its agent, Jacques, for breach of the implied covenant.

■ Although Mrs. Griffin arguably has standing to pursue the breach of fiduciary duty action, California law does not allow an insured to sue an insurer or its agent for breach of fiduciary duty. *See infra* Part II.D.3 (citing case law holding that under California law, an insurer and its agent do not owe a fiduciary duty to the insured).

### D. Griffins' Causes of Action

Even if the Griffins had standing to sue, Defendants would be entitled to summary judgment.

### 1. Breach of Contract

The insurance contract between Allstate and the Griffins lapsed on January 2, 1994 because they failed to make a premium payment. Thus, Allstate had no contractual duty to pay for losses that the Griffins sustained in the January 17, 1994 earthquake.

Although no written opposition was filed, at oral argument the Court inquired of Plaintiffs' counsel as to whether there was any arguable genuine issue of material fact in the case. Plaintiffs' counsel argued that Mrs. Griffin claims to have mailed the December premium payment, urging that this fact precludes summary judgment. Even if true, however, this fact does not create a genuine issue of material fact that would forestall summary judgment. Whether the Griffins actually mailed the December payment is irrelevant to this determination. The Griffins had received a Notice of Cancellation and knew that their Allstate policy would lapse as of January 2, unless they took some action. They did not take any action until they mailed the check received by Allstate on January 24. Therefore the Policy was not in effect during the period January 2, 1994 to January 22, 1994. Thus, when the earthquake struck on January 17, 1994, the Griffins were not covered by the Policy.

Based on the Hodges and Preis declarations, plaintiffs' failure to file a written opposition to the motion, and plaintiffs' counsel's failure to raise any other factual dispute at oral argument, it can only be concluded that there is not a genuine issue of material fact in this case.

### 2. Breach of Implied Covenant of Good Faith and Fair Dealing and Punitive Damages

Having no cause of action for breach of contract, the Griffins have no cause of action for breach of the implied covenant of good faith and fair dealing against Allstate or Jacques. To prevail on a claim that the insurer has breached the implied covenant of good faith and fair dealing, the insured must show that (1) the insurer withheld benefits due under the policy and (2) the reason for withholding the benefits was unreasonable or without proper cause. *Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1151, 271 Cal.Rptr. 246, 255 (1990); *see also Waller*, 44 Cal.Rptr.2d at 389, 900 P.2d at 638 (citing *Love* with approval).

The rationale underlying these standards is that "the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement." *Waller*, 44 Cal.Rptr.2d at 390, 900 P.2d at 639. As a supplement, courts should not give it " 'an existence independent of its contractual underpinnings.' " *Id.* (quoting *Love*, 221 Cal.App.3d at 1153, 271 Cal.Rptr. 246). Contract law assumes that neither party to a contract will act in bad faith to frustrate the other's right to receive benefits under the contract. Thus, a court will not question an insurer's good faith until benefits are due, and it has allegedly prevented the insured from collecting the benefits. *Id.*

Because no benefits are due under the Policy, the Griffins have no cause of action for bad faith refusal of benefits.

California law provides that an insurance agent such as Jacques cannot be held liable for breach of contract or breach of the implied covenant of good faith and fair dealing because he is not a party to the insurance contract. *Bennett v. Allstate Ins. Co.*, 753 F.Supp. 299, 302 (N.D.Cal.1990). Thus Plaintiffs' claims against Jacques fail as well.

### 3. Breach of Fiduciary Duty

California law does not recognize a cause of action for breach of fiduciary duty against an insurer. *Hassard, Bonnington, Roger & Huber v. Home Ins. Co.*, 740 F.Supp. 789, 792 (S.D.Cal.1990). Further, a cause of action for breach of fiduciary duty cannot exist against the insurer's agent under California law. *See Bennett*, 753 F.Supp. at 303. Thus, the Griffins' breach of fiduciary duty claim must fail.

### III. CONCLUSION

The Court, having considered all the written submissions of the parties on the Motion of Defendants Allstate Insurance Company

and John Jacques For Summary Judgment Or, In The Alternative, For Partial Summary Judgment and Plaintiffs' Ex Parte Application To Continue Hearing on Defendants' Motion For Summary Judgment, and oral argument thereon, hereby ORDERS as follows:

1. Plaintiffs' Ex Parte Application to Continue Hearing on Defendants' Motion is denied;

2. The motion for summary judgment filed by defendants Allstate Insurance Company and John Jacques is hereby granted on the grounds that the moving papers support the motion and do not reveal a genuine issue of material fact;

3. This entire action is hereby dismissed with prejudice;

4. Plaintiffs shall bear their own costs of suit and attorneys's fees; and

5. Defendants Allstate Insurance Company and John Jacques shall recover from plaintiffs their reasonable costs and expenses of suit incurred in this action in an amount to be determined by the Clerk after defendants file their Bill of Costs. Defendants shall bear their own attorneys' fees.