[No. 15569.　Department One.—October 31, 1894.]

## IN THE MATTER OF THE ESTATE OF MARGARETHA L. DOBBEL, DECEASED.

INSURANCE—POLICY PAYABLE TO WIFE—SEPARATE PROPERTY—GIFT.—A policy of insurance upon the life of the husband made payable to the wife by name, her executors, administrators, or assigns, is the separate property of the wife; and it is immaterial whether it was bought and the premiums paid with the separate property of the husband, or with money of the community, it being a gift by the husband to the wife.

ID.—ESTATES OF DECEASED PERSONS—DISTRIBUTION OF PROCEEDS OF PROPERTY—HEIRSHIP OF HUSBAND.—The policy of insurance in the name of the wife, being her separate property, is payable to her heirs at the time of her death, she having died intestate before the death of the husband; and her husband took a one-third interest therein by virtue of his heirship to the separate property of the wife.

ID.—DELAY OF ADMINISTRATION.—The delay of administration and distribution of the wife's estate until after the death of the husband cannot affect his title or the title of his estate to a one-third interest in the insurance policy and its proceeds when paid to the estate of the deceased wife.

ID.—RIGHTS OF HEIR—ASSIGNABILITY.—The husband, as an heir of his wife, had an interest in her estate, which he could at any time have sold or disposed of subject to the claims of administration thereon, and which he could have disposed of by will, and it passed to his heirs if not so disposed of, subject to administration.

APPEAL from a decree of final distribution of the estate of a decedent rendered in the Superior Court of San Mateo County.

The facts are stated in the opinion of the court.

*George C. Ross,* and *Henry W. Walker,* for Appellants.

The premiums on the insurance policy having been paid by the husband the policies will be presumed to be community property. (Civ. Code, secs. 162–64; *Meyer* v. *Kinzer,* 12 Cal. 248; 73 Am. Dec. 538; *Tibbetts* v. *Fore,* 70 Cal. 242; *In re Bauer,* 79 Cal. 308.) Being community property the entire policies belonged to the husband without administration. (Civ. Code, sec. 1401.) If the policies were the separate property of the wife, the husband, as heir, was entitled to succeed to a one-third portion thereof. (Civ. Code, secs. 1384, 1386, subd. 1; *Moore* v. *Jones,* 63 Cal. 14, 15.) The husband at the moment of the death of the wife became vested with an indefeasible estate in the property, which he could have sold, assigned, or willed. (*Brenham* v. *Story,* 39 Cal. 188; *Jahns* v. *Nolting,* 29 Cal. 508; *Estate of Woodworth,* 31 Cal. 604; *Rush* v. *McDermott,* 50 Cal. 471; Civ. Code, sec. 1384; Code Civ. Proc., sec. 1678; *In re Phillips,* 71 Cal. 285; *In re Vaughn,* 92 Cal. 192; Civ. Code, sec. 1274.) An administrator is entitled to have the interest of his intestate in another estate distributed unto him that he may administer thereon. (Code Civ. Proc., secs. 1452, 1581; *McClellan* v. *Downey,* 63 Cal. 523, 524.)

*Edward F. Fitzpatrick,* for Respondent.

The policy having been made payable, in the case of the death of the wife, to her executors, administrators, or assigns, the administrator of the husband's estate had no right to it, as it formed no part of his estate. (*Winterhalter* v. *Workmen's etc. Fund Assn.,* 75 Cal. 248; *Swift* v. *San Francisco etc. Board,* 67 Cal. 574; *Maryland Mut. etc. Soc.* v. *Clendinen,* 44 Md. 429; 22 Am. Rep. 52; *Pence* v. *Makepeace,* 65 Ind. 345; *Harley* v. *Heist,* 86 Ind. 204.) Where a policy designates a person to whom the insurance money is to be paid, the person who procures the insurance and who continues to pay the pre-

miums has no authority to change the designation
or title of the money. (*Ricker* v. *Charter Oak Ins. Co.*,
27 Minn. 195; 38 Am. Rep. 289; *Drake* v. *Stone*, 58 Ala.
133; *Pilcher* v. *New York Life Ins. Co.*, 33 La. Ann. 332;
Bliss on Life Insurance, pars. 339–41, and cases there
cited; *Harley* v. *Heist*, 86 Ind. 204; *Timayenis* v. *Union
Mut. Life Ins. Co.*, 21 Fed. Rep. 223; *Wilburn* v. *Wilburn*,
83 Ind. 56.) On issue of policy title is vested in ben-
eficiary named in it. (Bliss on Life Insurance, 2d ed.,
517; *Barry* v. *Equitable Life etc. Soc.*, 59 N. Y. 587;
*Hogle* v. *Guardian Life Ins. Co.*, 6 Rob. (N. Y.) 567;
4 Abb. Pr., N. S., 346; *Smith* v. *Ætna Life Ins. Co.*, 5
Lans. 545.)

GAROUTTE, J.—This is an appeal from a decree of
final distribution, and is taken by the administrator of
the estate of Henry Dobbel, deceased, and by a creditor
of his estate. The facts of the case may be briefly
stated as follows: Henry Dobbel took out a paid-up
policy of insurance upon his life in favor of his wife,
Margaretha. Margaretha died intestate; six years later
her husband, Henry, died. The policy was made pay-
able to "Margaretha L. Dobbel, her executors, adminis-
trators, or assigns." Upon the death of Henry, his son
was appointed administrator of Margaretha's estate, and
the insurance company paid him as such administrator
the amount of the policy. The husband and wife left
surviving them seven children, and by the decree of
distribution appealed from in this case the trial court
awarded the proceeds of this policy to the children in
equal shares. It is now claimed by appellant that the
estate of Henry Dobbel is entitled to all of said moneys
as community property; and, secondly, if this conten-
tion be unsound, that his estate is entitled to one-third
of said moneys, the husband being an heir of the wife,
and the money being her separate property.

It cannot technically be said that the money here in
dispute was either the separate property of the wife, or
common property of the spouses, for this money was

the property of the insurance company until after the death of both, and until it passed to her administrator. But the insurance policy when issued was property, and valuable property. I♦ could be sold, assigned, or bequeathed by the owner thereof. Its pecuniary value to its owners was as great as though they held a promissory note of the company for that amount, payable upon the same conditions. It was a chose in action, and upon its satisfaction by a payment of the amount specified the title to the money so paid followed the title to the policy.

This policy was the separate property of the wife under any aspect of the case. If it was bought with the separate property of the husband, or with money of the community, it was a gift by the husband to the wife. That a policy payable as the present one is payable is the separate property of the wife there is no question, viewed in the light of the authorities. (*Pence* v. *Makepeace*, 65 Ind. 345; *Wilburn* v. *Wilburn*, 83 Ind. 55; *Harley* v. *Heist*, 86 Ind. 196, and cases there cited; Bliss on Life Insurance, sec. 317.)

The principle involved and decided in the case cited from 86 Indiana is in all material respects the same as that which is now before us, and the court there used the following language: "The policy in this case, by its terms, was executed for the benefit of the wife, and by a fair construction was payable to her and not to the personal representatives of the husband. Upon its execution the title vested in the wife and not in the husband. By the procurement of the husband the wife became the owner of the policy, and entitled to collect the amount that might become due on the same upon the death of the husband. Had the wife procured the policy to be issued and paid the premiums no. one could doubt as to the ownership of the policy and the right to collect the money due thereon. We are unable to see in this case why there should be any difference in the ownership and title of the policy by reason of the application having been made and the premiums paid by the husband. Had the policy been made pay-

able to the husband, he doubtless might have given it to the wife, and by proper indorsements thereon conveyed to her the legal title to the same. In such case it would have become her separate property by gift from her husband; and so, too, he had the legal right in the first instance to make the application, pay the premiums, and have the policy made payable to the wife for her benefit, and thus vest in her the legal title and ownership of the property as her separate property."

The policy of insurance being her separate property, passed to her heirs at the time of her death, she having died intestate; and her husband took a one-third interest therein by virtue of his heirship. There is no reason why the administration upon Margaretha's estate should have been delayed until her husband's death. Conceding her estate to have consisted alone of the insurance policy, still it was property subject to administration and distribution as any other piece of personal property. If such administration and distribution had taken place prior to the husband's death he would have stood in the same relation to this policy as to any other separate property owned by her, and title to a one-third interest therein would have passed to him as an heir and distributee. If such a course had been followed his interest in the policy would have passed to his estate like any other property which may have belonged to him at the time of his death, and the mere fact that no administration was had upon his wife's estate until after his death in no way affects the title to the policy. The husband's estate occupies exactly the same position with reference to this policy that it does with reference to any other piece of property belonging to the wife at the time of her death. As an heir of his wife he had an interest in her estate which he could at any time have sold, subject to the claims of administration thereon. He could have disposed of it by will, and, if he had the right to sell, or devise, and failed to exercise that right, it passed to his heirs, subject to administration.

For the foregoing reasons, we think one-third of the moneys forming the proceeds of this insurance policy should have been distributed to the administrator of the estate of Henry Dobbel.

It is ordered that the judgment and order be reversed and the cause remanded, with directions to the trial court to enter a decree in accordance with these views.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.