[No. 15665. Department Two.—January 2, 1895.]

## JAMES CROWE, ADMINISTRATOR, ETC., APPELLANT, *v.* F. W. DOBBEL, ADMINISTRATOR, ETC., RESPONDENT.

LIFE INSURANCE—HUSBAND AND WIFE—SEPARATE PROPERTY—HUSBAND'S RIGHTS AS HEIR.—An insurance policy on the life of the husband, made payable to his wife, her executors, administrators, or assigns, is the separate property of the wife, and, upon her death before the death of the husband, the husband becomes entitled thereto only as the heir of the wife.

ID.—ACTION BY ADMINISTRATOR OF HUSBAND—COMMON PROPERTY.—The administrator of the deceased husband cannot maintain an action against the estate of the deceased wife to recover the amount of such insurance policy paid according to its terms to the administrator of the deceased wife, on the alleged ground that the policy was the common property of the husband and wife.

ID.—CASE AFFIRMED.—*Estate of Dobbel*, 104 Cal. 432, affirmed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The action was brought by James Crowe, as administrator of the estate of Henry Dobbel, deceased, against

F. W. Dobbel, as administrator of the estate of Margaretha Dobbel, deceased, to recover the full amount of a policy of insurance on the life of Henry Dobbel, in the sum of four thousand five hundred and twenty-four dollars, which policy had been made payable to Margaretha L. Dobbel, her executors, administrators, or assigns, and which had been collected by the defendant as the administrator of Margaretha L. Dobbel, deceased, who died before the death of Henry Dobbel. The complaint alleges "that said policy of insurance was the community and common property of said Henry Dobbel and his said wife Margaretha; that said Margaretha never assigned or transferred said policy of insurance; and that her said husband held the same up to and at the time of her death as the common community property of said wife." A general demurrer was interposed to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action against the defendant. The demurrer was sustained by the court below, and the plaintiff declined further to amend his complaint, and judgment was thereupon rendered in favor of the defendant, from which judgment the appeal was taken. On December 31, 1894, the supreme court, in Department Two, rendered a decision in the following words: "The complaint in this case shows a state of facts like those presented in the case of the *Estate of Dobbel*, 104 Cal. 432; and, upon the authority of that case, the judgment herein is reversed, with directions to the court below to overrule the demurrer."

Further facts are stated in the opinion of the court in this case, and in the case of *Estate of Dobbel*, 104 Cal. 432.

*George C. Ross*, and *Henry W. Walker*, for Appellant.

The entire consideration for the issuance of the policy having been paid by Henry out of the community funds the presumption of law was, and is, that the policy itself was community property. (Civ. Code, secs. 162–64, 1401; *Meyer* v. *Kinzer*, 12 Cal. 248; 73 Am. Dec.

538; *Tibbetts* v. *Fore*, 70 Cal. 242; *In re Bauer*, 79 Cal. 308; *Jordan* v. *Fay*, 98 Cal. 264.) The policy being community property the plaintiff is entitled to recover the entire proceeds thereof, and subject the same to administration as assets of the estate of Henry Dobbel. (*Tompkins* v. *Levy*, 87 Ala. 263; 13 Am. St. Rep. 31; *Washington etc. Assn.* v. *Wood*, 4 Mackey, 19; 54 Am. Rep. 251.)

*Edward F. Fitzpatrick*, for Respondent.

The policy in question was the separate property of the wife, and her death prior to that of her husband did not change its character from separate property to community property. (*Harley* v. *Heist*, 86 Ind. 199; 44 Am. Rep. 285.) After the husband had designated his wife as beneficiary and payee of the policy he ceased to control it, and he could not thereafter change or alter it. (*Griffith* v. *New York Life Ins. Co.*, 101 Cal. 627; 40 Am. St. Rep. 96; *Ricker* v. *Charter Oak Ins. Co.*, 27 Minn. 195; 38 Am. Rep. 289; *Duclos* v. *Citizens' Mut. Ins. Co.*, 23 La. Ann. 332; Bliss on Life Insurance, pars. 339–41, and cases cited; *Timayens* v. *Union Mut. Life Ins. Co.*, 21 Fed. Rep. 223; Bliss on Life Insurance, 2d ed., 517; *Hoyle* v. *Guardian Life Ins. Co.*, 6 Rob. (N. Y.) 567; 4 Abb. Pr., N. S., 346; *Smith* v. *Ætna Life Ins. Co.*, 5 Lans. 545; *Gould* v. *Emerson*, 99 Mass. 154; 96 Am. Dec. 720; *Chapin* v. *Fellowes*, 36 Conn. 132; 4 Am. Rep. 49; *Fraternal etc. Ins. Co.* v. *Applegate*, 7 Ohio St. 292; *Ruppert* v. *Union Mut. Co.*, 7 Rob. (N. Y.) 155; *Harley* v. *Heist*, 86 Ind. 204; 44 Am. Rep. 285; *Wilburn* v. *Wilburn*, 83 Ind. 55; *Pilcher* v. *New York Life Ins. Co.*, 33 La. Ann. 322; *Trager* v. *Louisiana etc. Ins. Co.*, 31 La. Ann. 235; *Whitehead* v. *New York Life Ins. Co.*, 102 N. Y. 143; 55 Am. Rep. 787; *Schneider* v. *United States Life Ins. Co.*, 123 N. Y. 109; 20 Am. St. Rep. 727; *Garner* v. *Germania Life Ins. Co.*, 110 N. Y. 266; *National Life Ins. Co.* v. *Haley*, 78 Me. 268; 57 Am. Rep. 807; *Hubbard* v. *Stapp*, 32 Ill. App. 541; *Packard* v. *Connecticut Mut. Life Ins. Co.*, 9 Mo. App. 469; *Central Bank* v.

*Hume*, 128 U. S. 195.) In such case the legal representative of the insured has no claim upon the money, and cannot maintain an action therefor. It forms no part of the assets of the estate of the insured. ( *Winterhalter* v. *Workmen's etc. Fund Assn.*, 75 Cal. 248; *Pence* v. *Makepeace*, 65 Ind. 345.) For the general purpose of life insurance, see *Griswold* v. *Sawyer*, 125 N. Y. 411.

The Court.—The judgment filed in this case on December 31, 1894, reversing the judgment appealed from, was entered through inadvertence, and the same is therefore vacated and set aside; and now, upon the authority of the case of the *Estate of Dobbel*, 104 Cal. 432, the judgment of the court below is affirmed.

Hearing in Bank denied.