————————o————————

No. 6765.

## MRS. ELIZABETH McQUEEN, ET AL., v. MUTUAL LIFE INSURANCE COMPANY.

### Syllabus.

1. A policy of life insurance taken out by a husband in favor of his wife, her executors, administrators or assigns, and containing no right to change the beneficiary, vests at once in the wife an estate which descends to her heirs upon her death, even before that of her husband.

2. Error of law may always be shown in order to avoid a loss.

Appeal from the Civil District Court, Parish of Orleans, No. 110,976, Division "C"; Hon. E. K. Skinner, Judge. Affirmed.

J. Zach. Spearing, for plaintiff and appellant.

Denegre, Leovy & Chaffe, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Robert G. Martin insured his life in favor of Sarah A. Harron, his wife, "her executors, administrators or assigns." The policy contained no condition as to the wife's survivorship, and no right to change the beneficiary.

The wife died before her husband, leaving a mother and sister. After her death the husband, with the consent of the company, changed the beneficiary, under the mistaken belief that in the absence of children, the husband was the heir of his wife in this State.

Plaintiffs, the new beneficiaries, claim the proceeds of the policy on two grounds. First, that the wife's interest in the policy was not vested, but conditioned on her survivorship. Secondly, that the company by consenting to the change, by accepting a premium after the change, and by allowing plaintiff to file proofs of loss, is estopped from disputing plaintiff's claim.

The company contends that the wife's interest was not contingent on her survivorship, but vested at once upon the taking out of the policy, and at her death passed to her heirs, who are now claiming the policy; and secondly that it cannot be estopped by the matters alleged.

Mr. Vance on Insurance (p. 390) says:

> "It is the well settled rule of all English speaking States, with the solitary exception of Wisconsin, that the right of the person absolutely designated as the recipient of the moneys to be paid under a contract of life insurance are vested and indefeasible without the consent of the beneficiary."

Mr. May, on Insurance, (Sec. 399) says:

> "The beneficiary takes a vested interest the moment the policy is issued unless the agreement, by charter or otherwise, contains a provision inconsistent with such construction. A life policy and

the money that may become due on it, belong the moment it is issued to the beneficiary named in it, and the person procuring the insurance has no power by deed, assignment or will, or by other act, to transfer the interest to any one else."

To the same effect see *Cooley's Briefs on Insurance, Section* 3755.

The *Cyclopedia of Law & Proceedure* (25 *Cyc.*, 889, 890) says:

"The beneficiary designated in an ordinary Life Insurance Policy has a vested interest from the time the contract of insurance is made in the absence of any stipulation for change of beneficiary.'"

And again (pp. 896, 897):

"As the beneficiary has a vested interest from the time the policy takes effect, the death of the beneficiary named in the policy before the maturity of the policy does not defeat the beneficiary's right, and the legal representatives of such beneficiary are entitled to the proceeds."

The text above quoted is supported by a long line of decisions, of which it is necessary to quote but a few.

In *Washington Bank v. Hume, 128 U. S.,* 206, it was held:

"It is a general rule that a life insurance policy and the money to become due under it belong the moment it is issued to the person named in it as beneficiary, and that there is no power in the person procuring the insurance, by any act of his, by deed or will, to transfer to any other person the interest of the person named."

*In re Dobbell,* 104 *California,* 432, 38 *Pacific,* 87, it was held that a policy of insurance taken out by the husband in favor of his wife, "her executors, administrators or assigns", whether paid for out of the separate estate of the

husband or out of community funds, is the separate estate of the wife, and being the separate estate of the wife passed to her heirs at the time of her death, even though she died before him.

In *Olmstead v. Masonic Mutual Ben. Soc.*, (37 *Kansas*, 93, 14 *Pacific*, 451) where a policy was made payable to a wife or "her legal representatives", it was held that the addition of the words "legal representatives" clearly imports that in case of her death the benefit should be paid to her heirs or next of kin.

Plaintiff refers us to several authorities, holding the contrary, i. e., where the policy was not payable to the beneficiary or "her legal representatives."

But these cases have no application to the case at bar, where such a provision is found, and moreover they have been generally overruled.

Thus *Gambs v. Insurance Co.*, 50 *Missouri* 44, has been expressly overruled in *U. S. Casualty Co. v. Kaser*, 169 *Mo.*, 301, 69 *S. W.*, 370.

*Bickerton v. Jaques*, 28 *Hun.* (*N. Y.*) 119, has been in effect overruled by *U. S. Trust Co. v. Mutual Ben. Life Co.*, 115 *N. Y.*, 152, 21 *N. E.*, 1025, and *Whitehead v. N. Y. Life Insc. Co.*, 102 *N. Y.*, 143.

The Wisconsin rule, heretofore mentioned, which originated in *Clarkson v. Duran*, 12 *Wisconsin*, 223, and was followed in *Kernan v. Howard*, 23 *Wis.*, 108, was changed by **statute,** and was severely criticised in *Ellison v. Straw*, 116 *Wisconsin*, 207.

This leaves as the only case in favor of plaintiff the old case of *Mut. Ben. Assn. v. Rolfe*, 76 *Michigan*, 146, which we decline to follow, preferring to put our jurisprudence in

line with the general trend of authority throughout the United States.

We are therefore of opinion, that at the death of Mrs. Martin, the policy became the property of her legal heirs, to-wit, her motehr and sister.

## II.

We do not see how the defendant has estopped itself under the circumstances of this case. As we mentioned above the defendant allowed the change of beneficiary under the mistaken belief that in the absence of children the husband was heir to his wife.

This was an error of law. And inasmuch as it is quite certain that the company will be obliged to pay the proceeds to the heirs of the wife, we know of no law which estops them from setting up the error to avoid a loss. *C. C.*, 1846, *No.* 3.

Nor can we see how the defendant has estopped itself by receiving a premium after the change of beneficiary. This premium, as far as the defendant knew, was paid by the assured, and presumably was voluntarily paid for his own purposes; and the same rule of law applies, that error of law can always be set up to avoid a loss.

Nor is there any merit in the contention that the defendant allowed plaintiff to proceed with making up of the proofs of death. Defendant surely could not prevent them from doing so, and if they had in mind to claim the policy, it was necessary for them to do so, so as to put themselves in a position to make the claim. So that they were not induced to do anything which they would not otherwise have done. Nor was any inducement held out them, which could possibly influence their conduct, since the forms

furnished at their request, stated distinctly that by furnishing them the defendant waived no right whatever to dispute the claim.

The judgment appealed from seems to us correct and should be affirmed.

Judgment affirmed.

Opinion and decree, October 23, 1916.