**In the Matter of Anthony Q. CHAN and Estrellita L. Chan, Debtors.**

**In the Matter of Anthony Q. CHAN and Estrellita L. Chan, Appellees,**

v.

**AUSTIN BANK OF CHICAGO, Appellant.**

No. 89 C 1218.

United States District Court, N.D. Illinois, E.D.

April 30, 1990.

F. Kevin Murnighan, Carey, Filter, White & Boland, Chicago, Ill., for the Austin Bank of Chicago.

Mark J. Unterberger, Michael E. Papierski, Michael H. Lurie, Michael H. Lurie, Ltd., Chicago, Ill., for Anthony Q. Chan and Estrellita L. Chan.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

This case comes before this court on appeal from the Bankruptcy Court for the Northern District of Illinois, Eastern Division. Debtors filed a joint petition pursuant to Chapter 11 of the Bankruptcy Code on March 3, 1987. Thereafter, debtors moved to consolidate their estates pursuant to Section 302(b) of the Code. 11 U.S.C. § 302 (1990). The Bankruptcy Court granted debtors' motion to consolidate and appellant Austin Bank now appeals this decision. For the following reasons, we affirm the decision of the Bankruptcy Court.

■ "On an appeal ... [f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankruptcy Rule 8013. This standard applies to the bankruptcy court's findings of fact and inferences drawn from facts. *In re Tesmetges*, 47 B.R. 385 (D.C.N.Y.1984). This standard does not permit the decision of the trier of fact to be overturned where two permissible conclusions can be drawn. *EEOC v. Sears, Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir.1988).

■ After the commencement of a joint bankruptcy case, it is within the bankruptcy court's discretion to determine the extent to which the two estates shall be consolidated. 11 U.S.C. § 302(b). "Factors that will be relevant in the court's determination include the extent of jointly held property and the amount of jointly-owned debts." *In re Lewellyn*, 26 B.R. 246, 250 (Bkrtcy.S.D.Iowa 1982) *citing* Notes of Committee on the Judiciary, Senate Report No. 95–989, U.S.Code Cong. & Admin.News 1978, p. 5787. Cases should be consolidated where the affairs of the husband and wife are so intermingled that their respective assets and liabilities cannot be separated. *In re Barnes*, 14 B.R. 788, 790 (Bkrtcy.N.D.Tex.1981).

■ Section 302(b) of the Bankruptcy Code does not provide any standards for determining the circumstances under which cases should be consolidated. In fact, there is very little case law under this section. 11 U.S.C.A. § 302(b) (1979 & Supp.1990); 2 *Collier on Bankruptcy*, § 302.05 (15th ed. 1987). Therefore, the extent to which the assets and liabilities should be intermingled before ordering consolidation must be decided on a case by case basis. *In re Vecco Const. Industries, Inc.*, 4 B.R. 407, 410 (Bkrtcy.E.D.Va.1980).

The facts in this case are briefly as follows. As of the date debtors filed their Chapter 11 petition, Anthony Chan solely owned assets valued at $8,900, Estrellita Chan solely owned assets valued at $124,380, and they jointly owned assets valued at $97,020. The bankruptcy court found that the debtors have proven by clear and convincing evidence that Anthony Chan has always been the primary wage earner, having earned approximately 77% of the family income from 1981 through 1986. (R.A. 5).

Estrellita Chan's main asset is a Note Receivable from Edgardo Lua in the amount of $100,000. The Note is signed by Estrellita alone. However, to raise the funds to make this loan, both Estrellita and Anthony Chan jointly borrowed $100,000 on a home-equity line of credit secured by their principal residence. Because both parties were liable for the $100,000 debt, the bankruptcy court classified the Lua Note as a joint asset. (R.A. 5). Other liabilities at the time of filing include Anthony Chan's unsecured debt in excess of $1,000,000, and the Chan's joint and several liability on the $60,000 note to Austin Bank.

■ Austin is contesting consolidation of the estates because Anthony's debt far exceeds Estrellita's and consolidation will

prejudice their position. If Estrellita's assets are used to pay Anthony's debts, Austin will receive only 36% of its outstanding indebtedness as opposed to 100% without consolidation. (Appellant Reply Brief at 6). However, the possibility that a creditor will be prejudiced is not sufficient to foreclose consolidation. The court in *In re Snider Bros, Inc.* stated:

> It must be recognized and affirmatively stated that substantive consolidation, in almost all instances, threatens to prejudice the rights of creditors. See *In re Coventry Energy Corporation,* 5 B.C.D. 98 (S.D.Ohio 1979). This is so because separate debtors will almost always have different ratios of assets to liabilities. Thus, the creditors of a debtor whose asset-to-liability ratio is higher than that of its affiliated debtor must lose to the extent that the asset-to-liability ratio of the merged estates will be lower.

18 B.R. 230, 234 (Bkrtcy.D.Mass.1982). Although a creditor who relies on the sole credit of one entity may receive more consideration, that is not the case before us. See *Commerce Trust Co. v. Woodbury,* 77 F.2d 478 (8th Cir.), *cert. denied,* 296 U.S. 614, 56 S.Ct. 134, 80 L.Ed. 435 (1935). Both Estrellita and Anthony are jointly and severally liable under the Austin note. Austin was not solely relying on Estrellita's ability to repay the loan.

The bankruptcy court found that the debtors had proven by clear and convincing evidence that the majority of their assets were jointly held and that their affairs were so intermingled that they could not be separated. (R.A. 5). Crucial to this finding was a determination that the $100,000 note receivable from Lua is a joint asset. In looking beyond the face of the Note, the bankruptcy court found that the asset was jointly held because the funds lent to Lua "originated from a loan taken out by the Debtors and secured by a mortgage on the Debtors' principal residence." Therefore, including the Note, 85% of the Chan assets are jointly held. (R.A. 5). While this degree of intermingling and obscurity might have supported an order denying consolidation (see *In re Birch,* 72 B.R. 103 (Bkrtcy.D.N.H.1987)), it was none-

theless not clear error to order consolidation on these facts.

ORDERED: The bankruptcy court's decision to consolidate the Chan estates is affirmed.