**In re Katherine ROMANO; and Domenick Romano, Jr., Debtors.**

**Richard KRONZ and Sylvia Kronz, Movants,**

v.

**Katherine ROMANO, Respondent.**

Bankruptcy Nos. 93–22401–BM, 90–23246–BM.

Motion Nos. 94–0978M, 94–0769M.

Adv. No. 93–2576–BM.

United States Bankruptcy Court, W.D. Pennsylvania.

July 28, 1994.

Michael McGreal, Sable, Makoroff & Gusky, P.C., Pittsburgh, PA, for debtors Katherine Romano and Domenick Romano, Jr.

Phillip S. Simon, Davis Reilly, P.C., Pittsburgh, PA, for movants Richard and Sylvia Kronz.

Alan E. Cech, Trustee, Flaherty & Sheehy, Pittsburgh, PA.

Kathleen Robb–Singer, Office of U.S. Trustee, Pittsburgh, PA.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Richard Kronz and Sylvia Kronz (the "Kronzes") have brought a motion requesting that the recently-entered order granting debtor Katherine Romano a general discharge be vacated and that they (and other creditors) be granted a reasonable opportunity to object to her general discharge. According to the Kronzes, the order was "inappropriate under the circumstances".

Debtor, for a variety of reasons, adamantly opposes the Kronzes' motion.

This case has lumbered along (not necessarily forward) since October 18, 1990. Literally dozens of matters have come before the court and have been vigorously litigated. Movants appeared and participated in nearly all of the matters. At no time in the chapter 11 or chapter 7 cases did movants file a complaint contesting dischargeability of their debt or request an extension of time to do so. We see little foundation for the contemplated adversary and know of no authority to permit this tardy action. For the reasons hereinafter set forth, the motion will be denied.

I

## FACTS

Domenick Romano and Katherine Romano, husband and wife, filed a voluntary chapter 11 petition on October 18, 1990 at Bankruptcy No. 90–23246–BM. The Kronzes were listed as creditors and were included on the mailing matrix.

Notice was sent to all creditors on November 30, 1990 that a § 341 meeting of creditors was scheduled for December 27, 1990. The Kronzes received the notice and did not object to the discharge of Katherine Romano while the case was in chapter 11.

The above case subsequently was converted to a chapter 7 proceeding on January 20, 1993. Notice was sent to all creditors on February 2, 1993 that a § 341 meeting was scheduled for March 10, 1993. Said notice advised all parties in interest that the deadline for objecting to debtors' discharge was May 10, 1993. The Kronzes, who received the notice, neither objected to Katherine Romano's discharge prior to May 10, 1993 nor sought an extension of time in which to do so.

On July 1, 1993, after notice and hearing, wherein movants participated, an order was entered granting, *inter alia*, Katherine Romano's request for separate administration of her case.

A separate case for administering Katherine Romano's estate was opened on July 1, 1993 at Bankruptcy No. 93–22401–BM. The clerk of this court at that time placed in the case file a copy of the voluntary joint chapter 11 petition that debtor and her husband had filed previously at Bankruptcy No. 90–23246–BM. No § 341 meeting of creditors was ever scheduled and no new bar date for objecting to discharge was ever established after the order of separate administration.

On June 8, 1994, Katherine Romano was granted a general discharge. The order recited that no creditor had filed a complaint objecting to her discharge.

On June 17, 1994, the Kronzes filed a motion (at Motion No. 94–0978M) requesting reconsideration of the order of June 8, 1994 and requesting an extension of time to file a complaint objecting to her discharge.

A hearing on the Kronzes' motion and debtors' response thereto was held on July 19, 1994.

## II

## ANALYSIS

■ As has been indicated, the Kronzes assert that the order of June 8, 1994 should be vacated because it was improperly entered. The argument in support of their contention goes as follows:

(1) the bankruptcy case of Katherine Romano was commenced on July 1, 1993 when the order was entered granting separate administration;

(2) a complaint objecting to a general discharge in a chapter 7 proceeding must be filed not later than sixty (60) days following the first date set for the § 341 meeting of creditors;[1]

(3) the required meeting of creditors was not held in Bankruptcy No. 93–22401–BM; and

(4) accordingly, the deadline for objecting to debtor's discharge has not passed. The order granting debtor a general discharge was improvidently entered.

No statutory authority or case law is offered in support of movants' position that the entry of an order granting separate administration is tantamount to the entry of an order granting relief in bankruptcy and/or the filing of a new bankruptcy case.

This argument is without merit. The premise that debtor's bankruptcy case was commenced on July 1, 1993 is false. The bankruptcy case of Katherine Romano was commenced on October 18, 1990, when she and her husband filed a voluntary chapter 11 petition at Bankruptcy No. 90–23246–BM.

11 U.S.C. § 302 provides as follows:

A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.

Debtor did *not* "file with the bankruptcy court a petition under such chapter" at Bankruptcy No. 93–22401–BM. The petition which was inserted in the case file was merely a *copy* of the chapter 11 petition which had been filed on October 1, 1990 by debtor and her husband. It was inserted by the clerk of this court and was not the result of any action taken by debtor which constitutes a "filing". The insertion was done for administrative reasons and had no substantive effect on debtor's bankruptcy. Without this insertion the case file would have been empty.

The following would seem to show the absurdity of movants' position. If, as movants insist, a new case were commenced upon severance and assignment of a new case number to the severed case, various avoidance actions which otherwise might be timely would be time-barred because the relevant time frames would begin to run anew as of the opening of the case at a new number. For instance, a preference action which otherwise might have merit and lie within the scope of § 547(b)(4) would lie outside of the 90–day/one-year time frame set forth therein. Such an outcome would appear to go far beyond anything contemplated by the Code.

■ Also, the Kronzes' assertion that a § 341 meeting of creditors was *required* to be held at Bankruptcy No. 93–22402–BM is without merit.

The order for relief under which debtor operated was entered on October 18, 1990, when she and her husband filed their joint petition, and not on July 1, 1993, when her case was separated from her husband's and administered separately. No new order for relief was requested and no new order for relief was entered.

---

1. Federal Rule Of Bankruptcy Procedure 4004(a) provides as follows:

TIME FOR FILING COMPLAINT OBJECTING TO DISCHARGE; OBJECTING TO DISCHARGE; NOTICE OF TIME FIXED. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge ... shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)....

Section 341(a) provides that the meeting of creditors shall be convened by the United States trustee within a reasonable time after the order for relief. As no order for relief was entered on July 1, 1993, there was no need for a § 341 meeting of creditors at Bankruptcy No. 93–22401–BM. To The contrary, a third § 341 meeting of creditors would merely gather the same creditors with the same debtors to inquire about the same assets and debts. Accordingly, there was no need to set a new bar date for objecting to debtor's general discharge.

Federal Rule Of Bankruptcy Procedure 2003(a) requires the United States trustee to call the meeting of creditors not less than twenty (20) nor more than forty (40) days after entry of the order for relief. This requirement undoubtedly was met in debtor's case. Section 341 meetings were held shortly after the case was filed as a chapter 11 proceeding and once again shortly after it was converted to a chapter 7 proceeding.

The Kronzes' failure to object to debtor's discharge within the time frame set forth in those proceedings bars them from now objecting to debtor's general discharge. The order entered on June 6, 1994 granting Katherine Romano a general discharge was properly entered. Accordingly, the Kronzes' request that said order be vacated and that they and other creditors be granted a reasonable time in which to object to debtor's discharge must be denied.