**In re Jose Maria ESTRADA, Jr. and Patricia McCaffrey Estrada, Debtors.**

**Bankruptcy No. 96–14109–A7.**

United States Bankruptcy Court, S.D. California.

Aug. 24, 1998.

---

Christopher J., O'Keefe, Law Office of Christopher J. O'Keefe, San Diego, CA, for Sengpaseuth, and Khamanivong.

Ronald R. Webb, Williams & Gilmore, APLC, La Jolla, CA, for Williams & Gilmore.

Ardelle Williams, Harris & Williams, San Diego, CA, for Trustee.

Alan Van Derhoff, Law Offices of Alan Van Derhoff, San Diego, CA, for Patricia McCaffrey Estrada.

## MEMORANDUM DECISION

LOUISE DECARL ADLER, Chief Judge.

Patricia McCaffrey Estrada ("Debtor") seeks (1) bifurcation of the joint case with her husband, Jose Maria Estrada, Jr.; (2) conversion of the chapter 7 case to a chapter 13; and (3) an order directing the chapter 7 trustee to (A) deliver approximately $100,000 in life insurance proceeds to Debtor and (B) sign any documents necessary to release approximately $200,000 in life insurance proceeds held in a blocked account. The chapter 7 trustee ("trustee") and two groups of creditors, Williams & Gilmore and Vorachit Sengpaseuth, Siew Sengpaseuth and Manisak

Khammanivong (collectively, "Partnership Creditors"), oppose these actions. The trustee contends by bifurcating the cases, the creditors of the jointly filed case, particularly the creditors of the partnership, will be left unpaid while Debtor retains life insurance proceeds of at least $300,000.00. The Partnership Creditors contend that Debtor was involved in the day-to-day operation of the partnership and is liable for its debts. After considering the pleadings and hearing argument from counsel, this Court holds the joint case is administratively separated and the Debtor's estate is converted to a chapter 13. Additionally, the Court directs the trustee to deliver approximately $100,000 in life insurance proceeds to Debtor and sign any documents necessary to release approximately $190,000 in life insurance proceeds held in a blocked account. The remaining sum is to be held for any chapter 7 administrative expenses. The Court declines to consider the exempt nature of the insurance proceeds at this time.

### FACTS

Jose Maria Estrada, Jr. and Patricia McCaffrey Estrada ("Joint Debtors") filed their joint chapter 7 case on October 16, 1996. Their schedules listed liabilities consisting of both personal consumer debts of the Estradas as well as business debts of a partnership, Club Cleaners in an amount of $188,158.61. The case was deemed a no-asset case and was closed on February 10, 1997.

After Mr. Estrada's death, the trustee filed a motion to reopen the case because of the possible life insurance proceeds resulting from his death. The case was reopened on July 31, 1997. The Debtor was the beneficiary of several life insurance policies on Mr. Estrada's life totaling approximately $550,000.00. Two of the insurance policies totaling $300,000.00 have been paid to the Debtor and the insurance company disputes its liability under another policy for $250,000.00. Of the $300,000.00, the Debtor turned over $100,000 to the trustee and the remaining $200,000.00 was placed in a blocked account, requiring both the trustee's and the Debtor's signature for any disbursements. Her coun-

sel then brought motions to bifurcate the joint case and convert her case to one under chapter 13.

### ISSUES

A. May the Court bifurcate or separately administer a jointly filed case?

B. If so, may the case then be converted to a different chapter?

### DISCUSSION

#### A. Bifurcation/Separate Administration

The Debtor asks this Court to bifurcate her case from that of her husband's. She argues that it is no longer feasible to jointly administer both her and her husband's bankruptcy estates. While Debtor's estate is potentially solvent, depending on her exemption amount, Mr. Estrada's estate is not. The Debtor maintains the insurance proceeds are property of her separate estate pursuant to section 541(a)(5). Also, under California law, the insurance proceeds are not community property but Debtor's separate property as the beneficiary under the policy. The Debtor contends bifurcation would avoid confusion regarding which claims are entitled to be paid from which estate. Finally, the Debtor claims a significant amount of the joint creditors represent her late husband's separate business debts for which she has no personal liability.

The trustee's opposition focuses on prejudice to the Partnership Creditors. The trustee argues Debtor provides no evidence for the claim that the debts against the estate arising from her deceased husband's former partnership are Mr. Estrada's separate debts for which she has no liability. The trustee contends the life insurance proceeds are property of the bankruptcy estate and, under this chapter 7, the creditors will be paid in full and Debtor will receive back a significant portion of the proceeds. However, if the cases are bifurcated, the trustee maintains all the creditors' claims relating to the partnership will remain unpaid while the Debtor retains life insurance proceeds.

The Partnership Creditors claim the Debtor is liable for the partnership debts because she was significantly involved in the day-to-

day operation and management of Club Cleaners. They also argue that where community assets—the insurance proceeds—are available for community debts, bifurcation is improper.

■ The opposing parties confuse what a *jointly* filed petition represents. Section 302(a)[1] permits a married couple to file a joint petition. Section 302 is designed for ease of administration and to permit the payment of one filing fee. *In re Crowell*, 53 B.R. 555, 557 (Bankr.M.D.Tenn.1985). But, as the Debtor points out, the joint petition actually creates two separate bankruptcy estates. *In re Ageton*, 14 B.R. 833, 835 (9th Cir. BAP 1981); *In re McAlister*, 56 B.R. 164, 166 (Bankr.D.Or.1985). However, there is no statutory provision to **sever** a jointly filed petition pursuant to section 302. *See, In re Devers*, 759 F.2d 751, 753 n. 1 (9th Cir. BAP 1985). Nevertheless, section 302(b) provides that the Debtor's estate could be separately **administered** from Mr. Estrada's estate. *In re Romano*, 170 B.R. 90 (Bankr. W.D.Pa.1994); *In re McAlister*, 56 B.R. 164.

■ Pursuant to section 302(b), the court must determine the extent, if any, to which the joint debtors' estates shall be consolidated[2]. Until consolidated by the court, the two estates remain separate. *In re Reider*, 31 F.3d 1102, 1111 (11th Cir.1994). After reviewing the docket in this case, this Court finds there has been no request for substantive consolidation of these two estates. Consequently, there are two estates and not one "community estate."

■ Although there has not been a formal request for substantive consolidation, this Court will consider the trustee's and the Partnership Creditors' opposition as such. The standard for substantive consolidation in the spousal context is whether the affairs of the husband and wife are so intermingled that their respective assets and liabilities cannot be separated. *In re Reider*, 31 F.3d at 1105; *In re Chan*, 113 B.R. 427, 428 (N.D.Ill.1990). This standard requires the court to "weigh 'the economic prejudice of continued debtor separateness versus the economic prejudice of consolidation.'" [Citations omitted] *In re Reider*, 31 F.3d at 1108. Ultimately, the court is to determine what equity requires. *In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d 515, 518 (2nd Cir.1988).

On or around February 10, 1997, the trustee determined the joint case was a no-asset case and closed the case. The only events that have transpired to change this status are that Mr. Estrada passed away and the Debtor received the life insurance proceeds. Section 541(a)(5) states:

(a) the commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(C) as a beneficiary of a life insurance policy or of a death benefit plan.

No one disputes that Mr. Estrada passed away within 180 days after Joint Debtors filed their petition. Debtor received the insurance proceeds as the result of being a beneficiary and, under section 541(a)(5)(C), these proceeds became assets of her separate bankruptcy estate.[3] Thus, her separate estate contains the insurance proceeds and is solvent. Mr. Estrada was not a beneficiary under the life insurance so section

---

1. Unless otherwise noted, all references herein to "section" refer to section of the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

2. Federal Rule of Bankruptcy Procedure 1015(b) in relevant part provides:
   If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife ..., the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

3. Although an old case, the opposing parties have offered no authority for this Court to question the holding in *In re Dobbel's Estate*, 104 Cal. 432, 435, 38 P. 87 (1894), that the insurance proceeds are a spouse's separate property even if purchased with community assets.

541(a)(5)(C) is inapplicable to his estate. Thus, Mr. Estrada's estate has not changed. The Court disagrees with the Partnership Creditors that the insurance proceeds are part of the "community estate." As previously explained, in this case, there is no "community estate." The Debtor's estate is significantly different from Mr. Estrada's.

The sole aim of substantive consolidation is fairness to all creditors. *In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d at 518. The opposing parties fail to show they will suffer prejudice from separate administration. The Court shares the Debtor's observation that separate administration of the Debtor's estate will have no effect on the substantive rights of the creditors. All creditors will have the right to file claims in her case and the Debtor may object to those claims. The validity of these claims will be determined by this Court at another time.[4] The Court finds persuasive Debtor's argument that no prejudice results to the creditors because all allowed claims will be paid in full in the Debtor's case. The Court finds because the Debtor's estate is significantly distinct and there is no prejudice to the creditors, substantive consolidation is not appropriate.

## B. *Conversion*

The Debtor requests that her case be converted to one under chapter 13. She argues if her case is a chapter 13 case she will be able to pay all allowed claims in full. Neither the trustee nor the Partnership Creditors separately address conversion other than to argue the nonpayment of partnership debts.

Section 706(a) provides that a debtor may convert a case from chapter 7 to chapter 13 at any time, provided that the case had not previously been converted to chapter 7.

The intent of Congress was to give the debtor an "absolute right" to convert. *In re Street*, 55 B.R. 763, 765 (9th Cir. BAP 1985). Additionally, this section is based on the policy that debtors should be given the opportunity to repay their debts rather than go through a complete liquidation. *In re J.B. Lovell Corp.*, 876 F.2d 96, 97 (11th Cir.1989). The Court failed to locate any cases discussing whether a joint debtor may convert under section 706(a).[5] Where there are two separate estates there are two separate debtors. Because section 706(a) authorizes "a debtor" to convert its case, it would stand to reason a separate debtor in a jointly filed case could also convert. The Court has found no cases denying this relief.

Section 105(a) provides that the bankruptcy court may issue any order, process, or judgment that is necessary, or appropriate to carry out the provisions of the Bankruptcy Code. But this equitable power is limited and can only be exercised within the confines of the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988). This Court finds it within its equitable powers to convert this Debtor's chapter 7 case into a chapter 13.[6] To hold otherwise would be to deny the Debtor's intention to pay all creditors and subject her to an involuntary liquidation.

Under section 1306(b), a chapter 13 debtor is considered a debtor in possession and is entitled to all property in the estate. Conversion of a case under section 706 terminates the service of the chapter 7 trustee. Section 348(e). Thus, the trustee must transfer the insurance proceeds to the Debtor.

## CONCLUSION

This Court finds that there is insufficient evidence of prejudice of the creditors to war-

---

**4.** The Court declines to consider whether the Debtor is jointly liable for the partnership debts as this should be done in the context of the claims objection procedure.

**5.** The Court did find administratively consolidated cases where the court separately converted one of the cases. *In re Sibarium*, 107 B.R. 108, 109 (N.D.Tex.1989).

**6.** The trustee's opposition states there are approximately $186,570.11 in partnership claims while the Court's claims register lists unsecured claims in an approximate amount of $133,775.57, and the schedules reflect secured claims of $122,265.00, both amounts well within the confines of section 109(e)'s requirements for a chapter 13 debtor. Additionally, the filed schedules reflect that the Debtor has a regular monthly income of $5,537.00.

rant substantive consolidation of the Joint Debtors' separate estates. Under the Court's equitable powers, the Debtor's separate estate and case is converted to a case under chapter 13. The Trustee's request for a set aside of $10,000.00 for administrative expenses is granted. Debtor's counsel is directed to prepare an order in accordance with this Memorandum Decision within ten (10) days of the date of entry.